Filed 1/19/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re JOSHUA R., a Person Coming Under the Juvenile Court Law.<br><br>THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSHUA R.,<br><br>    Defendant and Appellant. | G052965<br><br>(Super. Ct. No. DL049628-001)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Cheryl L. Leininger, Judge. Affirmed in part, reversed in part and remanded.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Corina and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

The juvenile court dismissed Joshua R.'s juvenile adjudication after he successfully completed probation. The court declined to seal his record, however, because of an ongoing probation condition stating he was not permitted to own a firearm before he turned 30 years old. Joshua argues this was error. We agree. The pertinent issue is whether the substantive Penal Code section addressing future firearm ownership for minors in his situation conflicts with the Welfare and Institutions Code section requiring the juvenile court to seal records upon the successful completion of probation. We conclude these statutes can be harmonized to effect the purposes of each. Accordingly, we find the court erred by not sealing Joshua's record, and reverse the court's order in that respect.

## I

## FACTS

Joshua admitted the following misdemeanor offenses in June 2014: domestic violence battery (Pen. Code, § 243, subdivision (e)(1));[1] harassment by means of an electronic device (§ 653.2, subd. (a)); and two violations of a restraining order. (§ 273.6, subd. (a).) The court declared Joshua to be a ward of the court, kept him in his parents' custody, and imposed probation conditions. One such condition is listed in the minute order as: "[S]ection 29820 applies. Minor may not own or possess any firearm until age 30. Probation officer to notify Department of Justice as required by law." The record also reflects that a California Department of Justice (DOJ) form entitled "Juvenile Court Report of Firearm Prohibition" (Firearm Form) was submitted to the DOJ.

In December 2015, the court determined Joshua had successfully completed probation. The minute order shows that Joshua's motion to withdraw his plea was granted. The court stated: "So I am going to order then that probation be terminated,

---

[1] Subsequent statutory references are to the Penal Code unless otherwise specified.

jurisdiction be terminated as successfully completed; however, . . . we still have an outstanding ongoing condition of probation that he may not own a firearm. So I'm not going to order that the records be sealed at this time, but I am going to show that it was terminated successfully, completed successfully." Defense counsel objected to the court's decision not to seal the record.

Joshua now appeals this part of the court's order.

II

DISCUSSION

The only issue before us is whether the court properly decided not to seal Joshua's record. Because this involves an issue of statutory interpretation, our review is de novo. (*John v. Superior Court* (2016) 63 Cal.4th 91, 95.)

The sealing of juvenile records is governed by Welfare and Institutions Code section 786. "If a minor satisfactorily completes . . . a term of probation for any offense, the court shall order the petition dismissed. The court shall order sealed all records pertaining to that dismissed petition in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice. The court shall send a copy of the order to each agency and official named in the order, direct the agency or official to seal its records, and specify a date by which the sealed records shall be destroyed. Each agency and official named in the order shall seal the records in its custody as directed by the order, shall advise the court of its compliance, and, after advising the court, shall seal the copy of the court's order that was received. The court shall also provide notice to the minor and minor's counsel that it has ordered the petition dismissed and the records sealed in the case. The notice shall include an

3

advisement of the minor's right to nondisclosure of the arrest and proceedings, as specified in subdivision (b)."[2] (Welf. & Inst. Code, § 786, subd. (a).)

Welfare and Institutions Code section 786, subdivision (b), states: "Upon the court's order of dismissal of the petition, the arrest and other proceedings in the case shall be deemed not to have occurred and the person who was the subject of the petition may reply accordingly to any inquiry by employers, educational institutions, or other persons or entities regarding the arrest and proceedings in the case."

The question here is whether, as the Attorney General argues, sealing Joshua's records in this case would impermissibly circumvent section 29820. That section, as relevant here, states that any person who committed an offense described in section 29805[3] and was subsequently adjudged a ward of the juvenile court, "shall not own, or have in possession or under custody or control, any firearm until the age of 30 years." (§ 29820, subds. (a), (b).) It also provides: "The juvenile court, on forms prescribed by the Department of Justice, shall notify the department of persons subject to this section. Notwithstanding any other law, the forms required to be submitted to the department pursuant to this section may be used to determine eligibility to acquire a firearm." (§ 29820, subd. (d).) The violation of section 29820 is a misdemeanor. (§ 29820, subd. (c).)

The court framed the issue as one of a continuing probation condition. The probation condition, however, terminated along with the rest of the wardship petition. Section 29820 is a stand-alone statute that applies even though Joshua is not currently a

---

[2] The statute was amended effective January 1, 2016 (Stats. 2015, ch. 375, § 1.5), but neither party argues that the current version of Welfare and Institutions Code section 786 should not apply to this case. Joshua's proceedings terminated in 2015. (See *In re Estrada* (1965) 63 Cal.2d 740, 744-748.)

[3] Domestic violence battery (§ 243) and the violation of a restraining order (§ 273.6) are both enumerated offenses in section 29805.

4

ward of the juvenile court. The better question, in our view, is whether Welfare and Institutions Code section 786, which requires the court to seal certain juvenile records, can be harmonized with the prohibition on firearm ownership until the age of 30 years as set forth in section 29820.

We find the statutes can be reconciled. As always, our role in statutory interpretation is to effect the intent of the Legislature. (*People v. Johnson* (2006) 38 Cal.4th 717, 723.) "If two seemingly inconsistent statutes conflict, the court's role is to harmonize the law." (*Stone Street Capital, LLC v. California State Lottery Com.* (2008) 165 Cal.App.4th 109, 118.)

Welfare and Institutions Code section 786, particularly as amended, is a broadly written statute which requires sealing the records of certain juvenile offenders. Not only must the records be sealed, they must be destroyed after a period designated by the court. Subdivision (b) of that section reveals the intent of the law, at least in part: "Upon the court's order of dismissal of the petition, the arrest and other proceedings in the case shall be deemed not to have occurred and the person who was the subject of the petition may reply accordingly to an inquiry by employers, educational institutions, or other persons or entities regarding the arrest and proceedings in the case."

Joshua argues that no conflict exists because Welfare and Institutions Code section 786, subdivision (b), states that if the minor meets the criteria, the offense "shall be deemed not to have occurred," and therefore section 29820 does not apply at all. We might agree were it not for subdivision (d) of section 29820, which states: "The juvenile court, on forms prescribed by the Department of Justice, shall notify the department of persons subject to this section. *Notwithstanding any other law*, the forms required to be submitted to the department pursuant to this section may be used to determine eligibility to acquire a firearm." (Italics added.)

Section 29820, subdivision (d), therefore, applies "[n]otwithstanding any other law." "We presume that the Legislature, when enacting a statute, was aware of

5

existing related laws and intended to maintain a consistent body of rules. [Citation.]" (*Stone Street Capital, LLC v. California State Lottery Com.*, *supra*, 165 Cal.App.4th at p. 118.) Therefore, although Welfare and Institutions Code section 786 requires sealing the record, the form described in section 29820, subdivision (d), is exempt from the requirement of destruction for the limited purpose of determining "eligibility to acquire a firearm." Thus, while the rest of the record must be sealed and destroyed by the date the court specifies in the order it will issue after remand, the Firearm Form need not be ordered destroyed until Joshua's 30th birthday.

We believe the current state of the law requires this outcome and furthers the primary purpose of both statutes. The goal behind Welfare and Institutions Code section 786, as we read the statute, is to allow certain juvenile offenders who have successfully completed their probation to lead productive lives without the black mark of a record hanging over their heads for employment and educational purposes. The only purpose of section 29820 is to prevent those who have committed certain offenses as juveniles from owning firearms before they turn 30 years old. Ordering the record sealed, as required by Welfare and Institutions Code section 786, while at the same time allowing the DOJ to maintain the Firearm Form until Joshua turns 30 will serve both purposes.

The Attorney General suggests sealing the record "would effectively nullify . . . section 29820." We disagree. The Firearm Form can still be used by the DOJ for firearm eligibility purposes. Sealing the record might make violations more difficult to prosecute, however. Should that be the case, a statutory fix from the Legislature or a revision of the Firearm Form is the appropriate remedy.

III

DISPOSITION

We affirm and reverse the portion of the court's order denying Joshua's request to seal the record, and remand for further proceedings.


MOORE, ACTING P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.