Filed 11/3/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re DEAN W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DEAN W.,<br><br>    Defendant and Appellant. | G053807<br><br>(Super. Ct. No. DL049617-001)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Cheryl L. Leininger, Judge. Reversed with directions.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

INTRODUCTION

The juvenile court found that Dean W. (the ward) had committed a misdemeanor violation of Vehicle Code section 23152, driving under the influence. The court later found that the ward had successfully completed his probation and terminated his wardship. The court granted the ward's request to seal his juvenile court records, except for one document regarding his acknowledgement that he knew driving under the influence of drugs or alcohol was dangerous to human life.

The Welfare and Institutions Code allows minors who have completed their rehabilitation to have "all" records of their juvenile adjudication sealed. The Vehicle Code authorizes criminal prosecutors to use a criminal defendant's acknowledgement of the dangerousness of driving under the influence as evidence of implied malice in a later second degree murder case. We publish this case because, based on the words of the statutes and their underlying purposes and policies, the ward's right to have all of his juvenile records sealed includes the ward's acknowledgement of the dangerousness of driving under the influence. Therefore, we reverse the juvenile court's order, with directions to seal the entirety of the ward's records, to ensure that other government agencies specified in the statute seal the ward's records, and to consider whether other government agencies also be ordered to do so.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

In the juvenile court, the ward admitted to misdemeanor driving while under the influence, in violation of Vehicle Code section 23152, subdivision (b). He was declared a ward of the court and placed on probation. The ward signed an advisement pursuant to Vehicle Code section 23593 and *People v. Watson* (1981) 30 Cal.3d 290, 296 (*Watson*), which stated: "You are hereby advised that being under the influence of alcohol or drugs, or both, impairs your ability to safely operate/drive a motor vehicle. Therefore, it is extremely dangerous to human life to drive while under the influence of

2

alcohol or drugs, or both. If you continue to drive while under the influence of alcohol or drugs, or both, and, as a result of that driving, someone is killed, you can be charged with murder." The juvenile court also recited the *Watson* advisement at the hearing at which wardship was declared and probation was imposed.

Twenty-three months later, the juvenile court found the ward had successfully completed probation and terminated his wardship. The ward requested to have his juvenile records sealed under Welfare and Institutions Code section 786. The district attorney argued that sealing the ward's signed *Watson* advisement would violate public policy. The court ordered that the ward's juvenile record would be sealed, with the exception of the *Watson* advisement. The ward timely filed a notice of appeal.

DISCUSSION

The issue before us is whether the trial court properly decided not to seal the ward's juvenile record in full. This question requires us to analyze two statutes— Welfare and Institutions Code section 786 and Vehicle Code section 23593. We review the matter de novo. (*In re Joshua R.* (2017) 7 Cal.App.5th 864, 867.)

1. *Welfare and Institutions Code Section 786*

Welfare and Institutions Code section 786, which makes the sealing of juvenile records mandatory when the juvenile has successfully completed his or her probation or term of supervision, is intended to further the goals of rehabilitation and reintegration by giving juveniles the opportunity to clear their records so that they may pursue education, employment, or military service. Section 786 provides: "(a) If a person who has been alleged or found to be a ward of the juvenile court satisfactorily completes (1) an informal program of supervision pursuant to Section 654.2, (2) probation under Section 725, or (3) a term of probation for any offense, the court shall order the petition dismissed. The court shall order sealed *all records* pertaining to that dismissed petition in the custody of the juvenile court, and in the custody of law

3

enforcement agencies, the probation department, or the Department of Justice. . . . [¶] (b) Upon the court's order of dismissal of the petition, the arrest and other proceedings in the case shall be deemed not to have occurred and the person who was the subject of the petition may reply accordingly to an inquiry by employers, educational institutions, or other persons or entities regarding the arrest and proceedings in the case." (*Id.*, § 786, subds. (a), (b), italics added.)  Sealing of the records in the possession of the public agencies specified in subdivision (a) of this statute is mandatory.

Welfare and Institutions Code section 786 also gives the juvenile court discretion to seal records in the custody of other public agencies in order to achieve the statute's goals.  "An individual who has a record that is eligible to be sealed under this section may ask the court to order the sealing of a record pertaining to the case that is in the custody of a public agency other than a law enforcement agency, the probation department, or the Department of Justice, and the court may grant the request and order that the public agency record be sealed if the court determines that sealing the additional record will promote the successful reentry and rehabilitation of the individual." (*Id.*, § 786, subd. (e)(2).)

2. *Vehicle Code Section 23593*

Vehicle Code section 23593, subdivision (a), provides:  "The court shall advise a person convicted of [driving under the influence] as follows:  'You are hereby advised that being under the influence of alcohol or drugs, or both, impairs your ability to safely operate a motor vehicle.  Therefore, it is extremely dangerous to human life to drive while under the influence of alcohol or drugs, or both.  If you continue to drive while under the influence of alcohol or drugs, or both, and, as a result of that driving, someone is killed, you can be charged with murder.'" (*Ibid.*)  This statute was enacted in response to *Watson, supra,* 30 Cal.3d at page 294, in which the California Supreme Court held that a person who kills someone while driving under the influence of alcohol may be

4

charged with second degree murder rather than vehicular manslaughter "if the facts surrounding the offense support a finding of 'implied malice.'" The court further held that "*malice* may be implied when a person, knowing that his conduct endangers the life of another, nonetheless acts deliberately with conscious disregard for life." (*Id.* at p. 296.) Thus, Vehicle Code section 23593 enables the prosecutor to establish a defendant's knowledge of the dangerousness of the conduct by use of the record of advisement.

Vehicle Code section 23593, by its terms, applies to persons "convicted of" driving under the influence. A juvenile adjudication is not a conviction. We question whether the *Watson* advisement was improper in this case because the ward was not *convicted of* driving under the influence. Nevertheless, the ward signed the *Watson* advisement, and the issue before us is whether that advisement is subject to being sealed.

3. *Analysis*

As to the documents covered by Welfare and Institutions Code section 786, subdivision (a), we conclude the unambiguous language of the statute means what it says: The juvenile court *shall* seal *all records* relating to the ward's dismissed petition, and *shall* order any law enforcement agency, the probation department, and the Department of Justice to do the same. Having found that the ward in this case successfully completed his probation, the juvenile court did not have the discretion to seal only a portion of the records regarding the ward's case. (See *In re A.V.* (2017) 11 Cal.App.5th 697, 701 ["The court has the discretion under section 786 to find the ward has or has not substantially complied with his probation so as to be deemed to have satisfactorily completed it; but if the court finds the ward in substantial compliance so that he or she has satisfactorily completed probation, the court must dismiss the petition *and* seal the ward's records in accordance with the statute."].) The duty to seal applies to "all" the records pertaining to the petition that has been dismissed; there are no exceptions. Therefore, the juvenile

5

court erred by excluding the ward's signed *Watson* advisement from its order sealing documents.

The Attorney General argues that sealing the *Watson* advisement could result in a gross miscarriage of justice if the ward later commits another violation of Vehicle Code section 23152 and a person is killed. The Attorney General suggests that the prosecutor in that later case could not admit the *Watson* advisement into evidence as proof that the ward knowingly endangered the lives of others. The Attorney General is making a policy argument that is best addressed to the Legislature. The Attorney General's argument is inconsistent with the express words of the Welfare and Institutions Code section 786.

Another panel of this court addressed a similar issue in *In re Joshua R., supra,* 7 Cal.App.5th 864. Joshua successfully completed his juvenile probation and requested that his juvenile record be sealed. (*Id.* at pp. 866-867.) One of the probation conditions that had been imposed on Joshua was that he not own or possess a firearm until age 30, pursuant to Penal Code section 29820. (*In re Joshua R., supra,* at p. 866.) The trial court refused to seal Joshua's record because of the continuing prohibition of Penal Code section 29820. (*In re Joshua R., supra,* at p. 867.)

The appellate court held the requirement that Joshua's juvenile record be sealed could be reconciled with enforcement of the statutory limitations on his ability to own or possess a firearm. (*In re Joshua R., supra,* 7 Cal.App.5th at p. 868.) While the broad language of Welfare and Institutions Code section 786 required that Joshua's juvenile court records be sealed, Penal Code section 29820's prohibition on firearms applies "[n]otwithstanding any other law." (Pen. Code, § 29820, subd. (d).) The appellate court therefore concluded that "although Welfare and Institutions Code section 786 requires sealing the record, the form described in Penal Code section 29820, subdivision (d), is exempt from the requirement of destruction for the limited purpose of determining 'eligibility to acquire a firearm.' Thus, while the rest of the record must be

6

sealed and destroyed by the date the court specifies in the order it will issue after remand, the Firearm Form need not be ordered destroyed until Joshua's 30th birthday." (*In re Joshua R., supra,* at p. 869.)

The present case differs significantly from *In re Joshua R.* in that Vehicle Code section 23593 does not contain the words or the concept that it applies "notwithstanding any other law." Specifically, and quite simply, Vehicle Code section 23593 does not provide that the forms memorializing the *Watson* advisement may be used in later criminal actions notwithstanding any other law. In the absence of language exempting the *Watson* advisement from Welfare and Institutions Code section 786, that statute's requirement that all records be sealed applies.

The record shows that the trial court electronically transmitted the ward's juvenile court records to the Department of Motor Vehicles. These records include, at a minimum, the code section violated and the probation conditions imposed, both of which reflect the alcohol-related nature of the violation. In supplemental briefing, the parties state that the *Watson* advisement itself was not provided to the Department of Motor Vehicles. However, the record on appeal includes the following reference: "Verbal notice document on file." The appellate record does not show whether this verbal notice is the language of the *Watson* advisement. What is clear is that Vehicle Code sections 1803[1] and 1816[2] require that a court notify the Department of Motor Vehicles of

[1] "The clerk of a court in which a person was convicted of a violation of this code . . . shall prepare within five days after conviction and immediately forward to the department at its office at Sacramento an abstract of the record of the court covering the case in which the person was so convicted. If sentencing is not pronounced in conjunction with the conviction, the abstract shall be forwarded to the department within five days after sentencing and the abstract shall be certified by the person so required to prepare it to be true and correct." (Veh. Code, § 1803, subd. (a)(1).)

[2] "Every judge of the juvenile court, juvenile hearing officer, duly constituted referee of a juvenile court, or other person responsible for the disposition of cases involving traffic offenses required to be reported under Section 1803 committed by persons under 18 years of age shall keep a full record of every case in which a person is

7

information regarding violations of Vehicle Code. Vehicle Code section 23593, subdivision (c),[3] specifically requires that the Department of Motor Vehicles must be provided with the fact that the individual was given the *Watson* advisement, and it is possible that the "verbal notice" was intended to fulfill that requirement.

Welfare and Institutions Code section 786, subdivision (e)(2) gives the juvenile court the discretion to order the ward's records that have been transmitted to the Department of Motor Vehicles to be sealed. We will remand the matter to permit the juvenile court to exercise its discretion to determine whether it should order those records to be sealed, too.

---

charged with such a violation, and shall report the offense to the department at its office in Sacramento not more than 30 days after the date on which it was committed, and in no case less than 10 days after adjudication. The report required by this section shall be required for any determination that a minor committed the violation, including any determination that because of the act the minor is a person described in Section 601 or 602 of the Welfare and Institutions Code or that a program of supervision should be instituted for the minor. No report shall be made if it is found that the alleged offense was not committed. [¶] The report required by this section shall be made upon a form furnished by the department and shall contain all necessary information as to the identity of the offender, the arresting agency, the date and nature of the offense, and the date the finding was made." (Veh. Code, § 1816.)

[3] "The court shall include on the abstract of the conviction or violation submitted to the department under Section 1803 or 1816, the fact that the person has been advised as required under subdivision (a) [with the *Watson* advisement]." (Veh. Code, § 23592, subd. (c).)

DISPOSITION

The order is reversed and the matter is remanded with directions to (1) seal the ward's juvenile records in full; (2) order the ward's juvenile records in the possession of law enforcement agencies, the probation department, and the Department of Justice to be sealed in full; and (3) determine whether any of the ward's juvenile records in the possession of the Department of Motor Vehicles should also be ordered to be sealed.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.

9