Filed 9/4/20  P. v. S.G. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B296711 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. YJ39061 |
| S.G., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, J. Christopher Smith, Judge.  Reversed and remanded with instructions.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Scott A. Taryle, Assistant Attorney General, Steven D. Matthews and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

Minor S.G. appeals from an order of the juvenile court denying his motion under Welfare and Institutions Code section 786, subdivision (e),[1] to seal the records of his juvenile proceedings after the court dismissed the section 602 petitions filed against him.  The Attorney General agrees the statute requires the court to seal the records.  Accordingly, we reverse the court's order denying S.G.'s motion to seal and remand the matter with instructions to the juvenile court to seal the records of S.G.'s proceedings.

## FACTS AND PROCEDURAL BACKGROUND

On February 1, 2017, the Los Angeles County District Attorney filed a petition under section 602 alleging S.G. had committed second degree robbery.  On April 24, 2017, S.G.'s counsel declared a doubt as to his competency.  The court suspended proceedings and appointed Dr. Nancy Kaser-Boyd to evaluate S.G. and prepare a report.  On August 2, 2017, the prosecutor and S.G.'s counsel submitted on Dr. Kaser-Boyd's report and the court—based on that report—found S.G. not competent.  Proceedings remained suspended.

In the meantime, on June 13, 2017, the District Attorney filed a second petition against S.G., alleging first degree burglary, taking or driving a vehicle without consent, and resisting arrest. On August 22, 2017, the District Attorney filed a third petition, alleging S.G. had possessed a firearm.

In the nearly 17 months that followed, S.G. received competency training, first from the Probation Department and

---

[1]     References to statutes are to the Welfare and Institutions Code.

2

later from Aacres, an agency affiliated with the Regional Center.[2] On January 7, 2019, the Aacres competency program manager reported S.G. appeared to understand the nature of his alleged crimes, the potential consequences of the charges, and the roles of various courtroom personnel. But S.G. still did "not appear to comprehend courtroom proceedings, trial, the pleas or the plea bargain . . . . [Nor did he] seem to understand how to effectively assist counsel in his defense." The manager continued, "Despite a consistent effort to learn the material, [S.G.] demonstrates a limited understanding of competency as a whole."

On January 15, 2019, S.G.'s counsel filed a motion to dismiss the petitions under sections 709 and 782. Section 709, subdivision (h)(3) provides the total remediation period shall not exceed one year from the finding of incompetency and subdivision (h)(4) provides, "If the court finds that the minor will not achieve competency within six months, the court shall dismiss the petition." Section 782 authorizes the juvenile court to dismiss a petition "if the court finds that the interests of justice and the welfare of the person who is the subject of the petition require that dismissal." Counsel stated S.G. had an IQ of 61 and—despite more than a year of competency training—there was not a "substantial probability" that he would "attain competency in the foreseeable future" within the meaning of section 709, subdivision (e). Counsel noted S.G. had been in juvenile hall for 232 days and, since his release in June 2018 he had had no law enforcement contacts or new petitions; he was attending high school and receiving services from the Regional Center.

---

[2] The Regional Center initially denied S.G. services. After an appeal, in June 2018 the Regional Center found S.G. eligible for services.

3

On January 18, 2019, the court reappointed Dr. Kaser-Boyd to do another report. Dr. Kaser-Boyd evaluated S.G. at her office on February 10, 2019 and found him still not competent.

The record on appeal does not contain any written opposition by the prosecution to S.G.'s motion to dismiss the petitions. But at a hearing on February 11, 2019, the deputy district attorney told the court the prosecution objected to dismissal of the petitions and termination of the proceedings. S.G.'s counsel stated section 709 mandated dismissal if the minor had not attained competence after a year of remediation. The court—having noted that Dr. Kaser-Boyd's report had found S.G. still not competent—stated it "just [didn't] see where he's going to be able to [attain] competency." The court said, "They have his IQ, I believe, at 61. He's been deemed to be a Regional Center consumer." The court then terminated the proceedings and dismissed the petitions without prejudice under section 709.

S.G.'s counsel asked the court to seal the records, noting the law had changed. The court replied, "I don't know if that's necessarily the case, but let me check." The court then said, "I'm going to deny your request to seal, pursuant to section 786." Counsel asked how, then, S.G. could obtain a sealing order. The court responded, "He can petition the court under [section] 781. So I'm denying the sealing order."[3]

That same day, S.G.'s counsel filed a written motion to seal the records of S.G.'s juvenile court proceedings. The record

_____

[3]     Section 781 sets forth the process for petitioning to seal juvenile records once the minor reaches the age of 18, or five years after jurisdiction of the juvenile court terminated. S.G. turned 18 in late October 2018. Under section 781, the court can deny a sealing request if "rehabilitation has [not] been attained to the satisfaction of the court." (§ 781, subd. (a)(1)(A).)

4

on appeal does not contain any written opposition by the prosecution. S.G.'s counsel and the deputy district attorney again appeared before the court on February 15, 2019. The court stated it had dismissed the petitions and terminated jurisdiction at S.G.'s request, "as the court had made a finding that it appeared that he was not going to become competent in the foreseeable future." The court referred to "the length of time [S.G.] had been participating in competency remediation services." The court then stated, "So, the court had denied the defense motion to seal under 786 of the Welfare and Institutions Code."

S.G.'s counsel discussed section 786 and *In re W.R.* (2018) 22 Cal.App.5th 284. The deputy district attorney said she "support[ed] the court's original order" denying sealing. The court said it did not find *In re W.R.* to be on point. The court then stated, "So I'm going to continue to hold fast on my decision, and I'm going to deny your request to seal. If you want to file a writ, your office can file a writ."

## DISCUSSION

Generally, we review a trial court's decision to seal or to refuse to seal records for abuse of discretion. (*In re A.V.* (2017) 11 Cal.App.5th 697, 711.) But where, as here, the court's decision raises an issue of statutory interpretation, our review is de novo. (*In re Joshua R.* (2017) 7 Cal.App.5th 864, 867.)

Section 786, subdivision (e) provides, in relevant part,

> "If a person who has been alleged to be a ward of the juvenile court has their petition dismissed by the court, whether on the motion of the prosecution or on the court's own motion, . . . the court shall order sealed all records pertaining to the dismissed petition in the custody of the juvenile court, and in the custody

5

of law enforcement agencies, the probation department, or the Department of Justice."

S.G. contends—and the Attorney General concedes—the trial court erred in failing to order S.G.'s records sealed under section 786, subdivision (e). We agree as well. The language of the statute, the legislative history, and governing cases such as *In re W.R.* make clear the trial court was required to seal S.G.'s juvenile records when the court dismissed his section 602 petitions.

The Legislature amended section 786, subdivision (e), effective January 1, 2018. (Stats. 2017, ch. 685, § 1.5; *In re W.R.*, *supra*, 22 Cal.App.5th at pp. 290-291.) The Legislative Counsel's Digest states,

> "This bill would require, if a person who has been alleged to be a ward of the juvenile court, and has his or her petition dismissed or if the petition is not sustained by the court after an adjudication hearing, the court to seal all records pertaining to that dismissed petition that are in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice in accordance with a specified procedure." (Legis. Counsel's Dig., Assem. Bill No. 529 (2017-2018 Reg. Sess.).)

The Attorney General also quotes the sponsor of the bill that amended section 786, subdivision (e):

> "AB 529 seeks to extend this same process [of sealing records] to similar cases where a minor has had his delinquency petition dismissed without an adjudication due to insufficient evidence, in the interest of justice or because

6

he is incompetent and not likely to become competent in the foreseeable future, regardless of the alleged offense." (Sen. Com. on Public Safety, Rep. on Assem. Bill No. 529 (2017-2018 Reg. Sess.) June 6, 2017, p. 6.)

While the statute refers to dismissals on the prosecutor's motion or the court's own motion, there is no meaningful distinction between those circumstances and the case here, where the court granted the minor's motion to dismiss the petitions because he had not attained competence and was unlikely to do so. The Legislative Counsel's Digest makes no distinction among a prosecutor's motion, the court's motion, and a defense motion, and the bill's sponsor specifically listed dismissals under section 782 or because the minor had not attained competence as contemplated by the legislation. Indeed, *In re W.R.* involved a dismissal on a defense motion when the minor failed to attain competence—precisely what happened here. In that case, the minor W.R. was found incompetent to stand trial on a section 602 petition for felony assault.[4] The minor's counsel made an oral motion to dismiss the petition under section 782 and the court granted it. But the court denied the minor's motion to seal his juvenile records. (*In re W.R.*, *supra*, 22 Cal.App.5th at pp. 289-290.)

The court of appeal reversed. The court stated, "[T]he petition . . . was dismissed by the court in the interests of justice, after the minor was found incompetent to stand trial and not likely to become competent in the foreseeable future. Thus,

---

[4]     That petition was the seventh petition filed against the minor. Other petitions were not sustained after an adjudication hearing or were dismissed on the prosecution's motion as part of a negotiated disposition. (*In re W.R.*, *supra*, 22 Cal.App.5th at pp. 286-292.)

7

section 786, subdivision (e) requires the sealing of records pertaining to that petition as well." (*In re W.R.*, *supra*, 22 Cal.App.5th at p. 292.) As S.G. notes, if it were otherwise—if a minor with an IQ of 61 who cannot attain competency despite months of effort were denied the benefits of the 2018 enactment—an equal protection issue would be presented.

In sum, as the Attorney General succinctly and aptly puts it, "[T]he statute applies whenever a juvenile is alleged to be a ward of the court and then has that petition dismissed by the court. Accordingly, appellant's motion to seal his records should have been granted."

## DISPOSITION

We reverse the juvenile court's order denying S.G.'s motion to seal the records of his juvenile proceedings under Welfare and Institutions Code section 786, subdivision (e). We remand the matter with directions for the court to grant the motion and order the records sealed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EGERTON, J.

We concur:



EDMON, P. J.                    DHANIDINA, J.



8