Filed 3/23/21  In re L.S.  CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION SIX

| | |
|---|---|
| In Re L.S., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B301870 (Super. Ct. No. TJ22870) (Los Angeles County) |
| ─────────────────────── | |
| THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff and Respondent, v. L.S., Defendant and Appellant. | |

L.S. appeals the juvenile court's order denying his motion under Welfare and Institutions Code[1] section 786, subdivision (e), to seal the records of his juvenile delinquency petitions after the

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

court dismissed the petitions due to appellant's incompetency. We agree with appellant that he is entitled to have his records sealed under these circumstances. Accordingly, we reverse and remand.

## STATEMENT OF FACTS

On August 7, 2017, a section 602 petition was filed against appellant alleging that he had committed the offenses of being a minor in possession of a firearm and ammunition (Pen. Code, §§ 29610, 29650). The following day, another petition was filed alleging that appellant had driven or taken a vehicle without consent (Veh. Code, § 10851, subd. (a)).

On August 29, 2017, appellant's attorney declared a doubt as to his competency. Proceedings were suspended and Dr. Kory Knapke was appointed to evaluate appellant, who remained detained in juvenile hall.

On September 24, 2017, Dr. Knapke submitted a report opining "it is exceedingly clear that this minor is not competent to stand trial based upon his [i]ntellectual [d]isability and the fact that he has virtually no understanding of even the basics of the courtroom." The doctor further opined that "[b]ecause of [appellant's] [i]ntellectual [d]isability, which I believe is quite significant, I believe it is highly doubtful that this minor can be restored to competency." Dr. Nancy Kaser-Boyd, who was retained by the prosecution to provide a second opinion, agreed that appellant was incompetent due to Attention Deficit Hyperactivity Disorder (ADHD), developmental and learning disabilities, and emotional disturbances, but further opined that his competency could be restored through competency attainment services.

2

On November 7, 2017, appellant was charged in an amended section 602 petition with three counts of attempted willful, deliberate, and premeditated murder (Pen. Code, §§ 187, subd. (a), 664), two counts of possession of a firearm by a minor (*id.*, § 29610), and one count each of assault with a firearm (*id.*, § 245, subd. (a)(2)), assault by means of force likely to produce great bodily injury (*id.*, § 245, subd. (a)(4)), and shooting at an occupied motor vehicle (*id.*, § 246).

On January 10, 2018, pursuant to the parties' stipulation, the court found appellant incompetent. On February 1, 2018, appellant was ordered to undergo competency training and such training commenced in April 2018.

On October 16, 2018, appellant was charged in another section 602 petition with being a minor in possession of a firearm and ammunition. On January 24, 2019, yet another petition was filed alleging that appellant committed an attempted willful, deliberate, and premeditated murder (Pen. Code, §§ 187, subd. (a), 664) and an assault with a semiautomatic weapon (*id.*, § 245, subd. (b)), with further allegations that the crimes were committed for the benefit of a criminal street gang (*id.*, § 186.22, subd. (b)(1)(C)). Proceedings remained suspended, while appellant continued with competency attainment and mental health services in juvenile hall.

On May 21, 2019, appellant filed motions to dismiss the two August 2017 petitions pursuant to section 709, on the ground that appellant remained incompetent and had received over a

year of competency attainment services.[2]  Appellant asserted that "[a]s he is currently incompetent and there is a statutory ban on pursuing any further competency attainment services, the only appropriate solution is dismissal of the petition against him."  In opposing the motions, the prosecution acknowledged that the statutory time limits set forth in section 709 are mandatory, yet asserted that those limits had not yet been exceeded as to the August 2017 petitions because all of the petitions filed against appellant "share the same case number and the same home court with the expectation that these petitions are to be resolved together and as a whole."  Following a hearing on July 10, 2019, the court dismissed the two August 2017 petitions "on the grounds that the minor still remains incompetent and on the grounds that the minor's undergone competency proceedings . . . for a year and five months on those . . . petition[s]."

On July 31, 2019, appellant filed a motion to dismiss the remaining petitions pursuant to section 709, on the ground that appellant remained incompetent and that there was no substantial probability he would obtain competency in the foreseeable future.[3]  Appellant argued:  "The court has provided [appellant] with 18 months of competency attainment services.

---

[2] Section 709, subdivision (h)(3) states that "the total remediation period [for an incompetent minor] shall not exceed one year from the finding of incompetency."

[3] Subdivision (e) of section 709 states in relevant part that "[i]f the court finds, by a preponderance of [the] evidence, that the minor is incompetent, all proceedings shall remain suspended for a period of time that is no longer than reasonably necessary to determine whether there is a substantial probability that the minor will obtain competency in the foreseeable future."

4

They have not succeeded. It is now time to accept the reality that [he] will never be competent. Both [section] 709 and the Los Angeles County Juvenile Competency Protocol insist that attainment services cannot proceed indefinitely. There must be a 'substantial probability' that [appellant] will regain competency in the 'foreseeable future' in order to continue attainment services. [Appellant] does not meet that criteria for continuing services." On September 10, 2019, Dr. Knapke submitted a report opining that "given that [appellant] has already received approximately one year of attainment services without reaching restoration, I believe it is unlikely that he will attain competency to stand trial in the foreseeable future with further attainment services."

The prosecution did not submit a written opposition to the motion. At the September 26, 2019 hearing on the motion, the prosecutor argued that with regard to attainment services the court should "reset the clock for each case" and that if the court was unwilling to do so, "I don't think the minor should get credit for the remediation he's received on the other cases."

The court dismissed the petitions. The court reasoned among other things that "[appellant] suffers from an intellectual disability and his intellectual functioning is impaired and it is permanently impaired, and while there may be ways to help him cope with [that] in the future . . . , there is nothing in any of the materials that the court has read that suggests that [appellant's] intellectual functioning is going to change and that means his competency is not going to change." The court added that "although this court is going to terminate [section] 602 jurisdiction . . . , [appellant] will remain a ward of the dependency court. [The court] will be provided with reports on a

5

regular basis as to [appellant's] status and everything is being done to both assist [him] going forward and to protect the public, but . . . I cannot keep a 15-year-old in essentially jail . . . until he's 18 years old because these really serious allegations have been filed against him, nor is the court willing to keep him in juvenile detention for another nine months which is what the People would request."

After the petitions were dismissed, appellant's attorney moved the court to seal all records pertaining to those petitions pursuant to section 786, subdivision (e). The prosecution did not offer any arguments on the issue or otherwise oppose the request. In denying the motion, the court reasoned that "[t]o begin with, I think the statute specifically carves out sealing for [a section] 707(b) offense. . . . [S]o that deals with the last petition[.] Secondly, I understand what the plain language of the statute says, but . . . given that the last petition . . . alleges a [section] 707(b) offense[] I'm not going to split them up . . . . [Appellant], through his lawyer, can move probation to seal the [records], but I'm not going to do it piecemeal. The court declines to seal the records."

## DISCUSSION

Appellant contends the juvenile court erred in refusing to seal the records of his delinquency petitions under section 786, subdivision (e), after those petitions were dismissed based on the findings that appellant was incompetent, had received over one year of competency attainment services, and was not likely to become competent in the foreseeable future. We agree.

Decisions whether to seal juvenile records are generally reviewed for an abuse of discretion. (*In re A.V.* (2017) 11 Cal.App.5th 697, 711.) Because the issue here is one of statutory

6

interpretation, however, our review is de novo. (*In re Joshua R.* (2017) 7 Cal.App.5th 864, 867.)

Section 786, subdivision (e), as amended by Assembly Bill [AB] 529 effective January 1, 2018, provides in relevant part: "If a person who has been alleged to be a ward of the juvenile court has his or her petition dismissed by the court, whether on the motion of the prosecution or on the court's own motion, . . . the court shall order sealed all records pertaining to the dismissed petition in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice." (Stats. 2017, ch. 685, § 1.5; *In re W.R.* (2018) 22 Cal.App.5th 284, 290-291 (*W.R.*).) The Legislative Counsel's Digest states that "[t]his bill would require, if a person who has been alleged to be a ward of the juvenile court, and has his or her petition dismissed or if the petition is not sustained by the court after an adjudication hearing, the court to seal all records pertaining to that dismissed petition that are in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice in accordance with a specified procedure." (Legis. Counsel's Dig., Assem. Bill No. 529 (2017-2018 Reg. Sess.)

The legislative history makes clear that the law is intended to require the sealing of records where, as here, a minor's delinquency petitions are dismissed based on incompetency: "According to [AB 529's] cosponsor, 'under most circumstances a youth that has his case dismissed due to insufficient evidence, or in the interest of justice, without an adjudication must wait until he is at least 18 to petition the court to seal his record. However, minors that commit and are adjudicated for non-serious or non-violent offenses can have their records automatically sealed upon

7

completion of probation.  This means that the court orders the petition be dismissed and the juvenile court records are sealed immediately.  [Assembly Bill No.] 529 . . . extends this same process to similar cases where a minor has had his delinquency petition dismissed without an adjudication due to insufficient evidence, in the interest of justice *or because he is incompetent and not likely to become competent in the foreseeable future, regardless of the alleged offense*." (*W.R.*, *supra*, 22 Cal.App.5th at p. 291, italics added, quoting Assem. Com. on Public Safety, Analysis of Assem. Bill No. 529 (2017-2018 Reg. Sess.) as introduced Feb. 13, Jun 2017, p. 6.)

 *W.R.*, *supra*, 22 Cal.App.5th 284, is instructive.  In that case, the minor was found incompetent to stand trial on a section 602 petition charging him with felony assault.  On the minor's motion, the juvenile court dismissed the petition in the interests of justice pursuant to section 782 based on its finding that the minor was incompetent and was not likely to regain competency in the foreseeable future.[4]  (*W.R.*, at pp. 289-290.)  The court declined, however, to seal the records of that petition under the version of section 786, subdivision (e) that was then in effect.[5]  (*Id.* at p. 290.)

---

[4] Section 782 provides in pertinent part: "A judge of the juvenile court in which a petition was filed may dismiss the petition . . . if the court finds that the interests of justice and the welfare of the person who is the subject of the petition require that dismissal, or if it finds that he or she is not in need of treatment or rehabilitation."

[5] Former subdivision (e) of section 786 provided: "(1) The court may, in making its order to seal the record and dismiss the

The issue in *W.R.* was whether the recently-amended version of section 786, subdivision (e), which went into effect while the appeal in that case was pending, applied retroactively. Prior to answering that question in the affirmative, the court noted that "[t]he parties agree that if the amended statute applies, the minor is entitled to all the relief he seeks. . . . The petition [charging appellant with felony assault] . . . was dismissed by the court in the interests of justice, after the minor was found incompetent to stand trial and not likely to become competent in the foreseeable future. Thus, section 786, subdivision (e) requires the sealing of records pertaining to that petition as well." (*W.R.*, *supra*, 22 Cal.App.5th at p. 292.)

Here, the juvenile court declined to seal appellant's records under section 786, subdivision (e), based on the fact that his most recent petition alleged offenses listed in section 707, subdivision (b). Appellant contends, and the People concede, that this was error because sealing is only prohibited for petitions that were

---

instant petition pursuant to this section, include an order to seal a record relating to, or to dismiss, any prior petition or petitions that have been filed or sustained against the individual and that appear to the satisfaction of the court to meet the sealing and dismissal criteria otherwise described in this section. [¶] (2) An individual who has a record that is eligible to be sealed under this section may ask the court to order the sealing of a record pertaining to the case that is in the custody of a public agency other than a law enforcement agency, the probation department, or the Department of Justice, and the court may grant the request and order that the public agency record be sealed if the court determines that sealing the additional record will promote the successful reentry and rehabilitation of the individual." (Stats. 2016, ch. 86 (Sen. Bill No. 1171), § 312, eff. Jan. 1, 2017.)

*sustained* based on the commission of an offense listed in subdivision (b) of section 707. (§ 786, subd. (d).)

The People nevertheless contend, for the first time on appeal, that appellant is not entitled to have his records sealed under subdivision (e) of section 786 because the statute refers to a juvenile who "has their petition dismissed by the court, *whether on the motion of the prosecution or on the court's own motion*." (Italics added.) The People note that appellant, rather than the People or the court, sought the dismissal of his petitions based on his incompetency.

In *W.R.*, however, the People conceded that section 786 required the sealing of records after the court dismissed the petition due to the minor's incompetency.[6] As appellant correctly points out, the minor in that case brought a motion to dismiss, and the opinion makes clear that the court "granted the motion to dismiss . . . ." (*W.R.*, *supra*, 22 Cal.App.5th at pp. 289-290.)

In any event, in reviewing questions of statutory interpretation "we may reject a literal construction that is contrary to the legislative intent apparent in the statute or that would lead to absurd results." (*Simpson Strong-Tie Co., Inc. v. Gore* (2010) 49 Cal.4th 12, 27.) The literal construction of section

---

[6] On our own motion, we also take judicial notice of the recent unpublished opinion in *People v. S.G.* (Sept. 4, 2020, B296711 [nonpub. opn.].), in which the People conceded that section 786, subdivision (e) requires the sealing of delinquency petitions dismissed under sections 709 and 782 based on a finding that the minor is incompetent and unlikely to regain competency in the foreseeable future. Suffice to state that on issues of statutory interpretation, the People should not be taking contradictory positions in different cases raising the same issue.

786, subdivision (e) urged by the People meets both of these criteria. The statute is plainly intended to apply where, as here, a delinquency petition is dismissed upon a finding that the minor is incompetent and unlikely to regain competency in the foreseeable future. It would also be absurd to conclude that the statute requires sealing when the court or prosecution initiates a dismissal on this ground, but not when it is initiated by the minor. The court *must* dismiss a petition under the circumstances presented here, regardless of whether or not the minor asks it to do so.

Moreover, the fact that appellant "moved" the court to dismiss the petitions does not compel a conclusion that the petitions were dismissed "on the defendant's motion." There is no statutory basis for a defense motion to dismiss under section 709 or section 782. The latter statute is substantially similar to Penal Code section 1385, which governs the dismissal of criminal cases in the interests of justice.[7] Although defendants regularly bring self-styled "motions" to dismiss under Penal Code section 1385, the statute does not confer any right to bring such a motion. "While a defendant can informally suggest a court consider the dismissal of charges against him, [Penal Code] section 1385 does not provide a formal defense motion to accomplish the same result. [Citation.] In other words, a defendant may ask the trial court to exercise its discretion under section 1385." (*People v. Superior Court (Flores)* (1989) 214

---

[7] Penal Code section 1385, subdivision (a) provides in pertinent part that "[t]he judge or magistrate may, either on his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."

Cal.App.3d 127, 137; see also *People v. Barraza* (1994) 30 Cal.App.4th 114, 121, fn. 8.)

As *W.R.* makes clear, a delinquency petition must be sealed under section 786, subdivision (e) where the juvenile court has dismissed the petition pursuant to section 782 upon a finding that the minor is incompetent and unlikely to regain competency in the foreseeable future. Although appellant filed a motion to dismiss and invoked section 709 rather than section 782, the petitions were dismissed based on his continuing incompetency, which is undisputed. For purposes of sealing under subdivision (e) of section 786, it simply does not matter that appellant asked the court to exercise its duty to dismiss under these circumstances, or that he referred to section 709 rather than section 782.

## DISPOSITION

The order denying appellant's motion to seal the records of his juvenile petitions under section 786, subdivision (e), is reversed. The matter is remanded to the juvenile court with directions to grant the motion and order the records sealed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P.J.                    TANGEMAN, J.

12

Melissa N. Widdifield, Judge
Superior Court County of Los Angeles

_____


Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey,  Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General and John Yang, Deputy Attorney General, for Plaintiff and Respondent.