Filed 4/16/18; Opinion following remand from the Supreme Court

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| In re W.R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. W.R., Defendant and Appellant. | A150435 (San Francisco County Super. Ct. No. JW14-6119) |

**INTRODUCTION**

In this case, originally filed as *In re W.R.* (2017) 16 Cal.App.5th 1053, review granted February 14, 2018, S245874, minor W.R. appealed from the San Francisco Superior Court's order denying his motion to seal certain records pursuant to Welfare and Institutions Code[1] section 786. We concluded the juvenile court should have sealed the records in a case dismissed as part of a plea bargain with another case; had the discretion under section 786, subdivision (e)(1) to seal the records pertaining to another petition in which the allegations were not sustained following an adjudication hearing; but did not have the discretion under section 786, subdivisions (b) or (e)(1) to seal the records pertaining to a petition filed subsequent to the last petition for which the minor was placed on probation. Thus, we reversed in part and affirmed in part the court's orders and remanded for further proceedings consistent with the views expressed in our opinion.

---

[1] All subsequent statutory references are to the Welfare and Institutions Code unless otherwise indicated.

On February 14, 2018, the California Supreme Court granted W.R.'s petition for review and remanded the matter to this court with directions to vacate our decision and reconsider the cause in light of Assembly Bill No. 529 (Stats. 2017, ch. 685, § 1.5, p. 5132.) That legislation amended section 786, subdivision (e), effective January 1, 2018. We invited the parties to submit supplemental briefs on the application of the amendment to this case. Having considered the parties' briefs, we conclude amended section 786, subdivision (e) requires the sealing of all the minor's petitions at issue in this case.

## STATEMENT OF THE CASE[2]

### A. Original San Mateo County Petition No. 82358.

"On January 15, 2013, the San Mateo County District Attorney filed an original wardship petition under Welfare and Institutions Code section 602 charging appellant with possession of a dirk or dagger (Pen. Code, § 21310, count 1), battery (Pen. Code, § 242, count 2), and resisting arrest (Pen. Code, § 148, subd. (a)(1), count 3). At his jurisdictional hearing, appellant admitted a violation of count 1, with the remaining counts dismissed. At his disposition hearing, the court found minor a ward of the court and removed custody from his parents but ordered him to reside with his mother under the supervision of the Family Preservation Program." (*In re W.R.*, *supra*, A144659/A145118, at p. *2.)

---

[2] On our own motion, we take judicial notice of our prior nonpublished opinion in this case (*In re W.R.* (Jan. 6, 2016, A144659/A145118 [nonpub. opn.].) Our factual summary here is drawn from that opinion. Citation of our prior unpublished opinion is permitted by California Rules of Court, rule 8.1115(b)(1) "to explain the factual background of the case and not as legal authority." (*Pacific Gas & Electric Co. v. City and County of San Francisco* (2012) 206 Cal.App.4th 897, 907, fn. 10; *The Utility Reform Network v. Public Utilities Com.* (2014) 223 Cal.App.4th 945, 951, fn. 3; *Conrad v. Ball Corp.* (1994) 24 Cal.App.4th 439, 443–444, fn. 2 [discussing Cal. Rules of Court, former rule 977(a)].)

**B.  Second San Mateo County Petition No. 82358.**

"On July 24, 2013, the San Mateo District Attorney filed a second wardship petition accusing appellant of vandalism (Pen. Code, § 594, subd. (b)(2)(A)).  The minor admitted the charge on August 14, 2013.  Minor's supervision under the Family Preservation Program was extended and he was detained at the Youth Services Center for 24 consecutive days."  (*In re W.R.*, *supra*, A144659/A145118, at p. *2.)

**C.  Probation Violation Petitions in San Mateo County No. 82358.**

"The probation officer filed a notice of probation violation against appellant under . . . section 777, subdivision (a) on December 19, 2013.  The petition alleged minor failed to attend the Community Care Program, was truant in school attendance, failed to observe curfew, and tested positive for marijuana.  The minor admitted the truancy violation and the court dismissed the remaining allegations.  As a result of the violation, the court ordered 30 consecutive days of detention.

"On March 5, 2014, the juvenile probation department filed a new notice of probation violation.  The notice alleged continued truancy, failure to attend Community Care Program, failure to follow his curfew restrictions, and positive tests for marijuana use.  The minor admitted to truancy and the remaining contentions were dismissed.  He was ordered detained for 45 consecutive days and the court terminated the original condition placing the minor in the Family Preservation Program.  On April 17, 2014, the court permitted the minor to reside with his father at his home, as well as with his mother at her residence, after the probation officer agreed with the recommendation.

"The San Mateo Superior Court ordered the minor's case transferred to San Francisco on April 28, 2014.  San Francisco County did not accept the transfer and the case went back to San Mateo County on May 19, 2014."  (*In re W.R.*, *supra*, A144659/A145118, at pp. *2–*3.)

3

**D. Third Petition Filed in San Francisco County No. JW14-6119.**

"On September 5, 2014, the San Francisco District Attorney filed a third wardship petition charging appellant with robbery (Pen. Code, § 211, count 1), assault by force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4), count 2), and false personation (Pen. Code, § 148.9, subd. (a), count 3). After a contested jurisdiction hearing, the trial court found the allegations not true and returned the case back to San Mateo County on October 1, 2014." (*In re W.R.*, *supra*, A144659/A145118, at p. *3.)

**E. Fourth and Fifth Petitions Filed in San Mateo County No. 82358.**

"A fourth wardship petition was filed on October 3, 2014, alleging false personation (Pen. Code, 148.9, subd. (a)), possession of vandalism tools (Pen. Code, § 594.2, subd. (a)) and possession of cigarettes (Pen. Code, § 308, subd. (b)). A fifth wardship petition was filed in the same county on October 9, 2014, for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and resisting arrest (Pen. Code, § 148, subd. (a)(1)). On October 24, 2014, the minor admitted the possession charge in the fifth petition and the remaining allegations were dismissed." (*In re W.R.*, *supra*, A144659/A145118, p. *3.)

**F. Sixth Petition Filed in San Mateo County No. 82358 and Transferred to San Francisco County for Disposition.**

"A new petition was filed on December 9, 2014. It alleged vandalism (Pen. Code, § 594, subd. (d)(2)). The minor admitted the charge at the initial hearing on December 15, 2014. The San Mateo court transferred the case to San Francisco and San Francisco accepted the transfer. On January 23, 2015, the court continued the minor as a ward but ordered out-of-home placement. Appellant filed a timely appeal." (*In re W.R.*, *supra*, A144659/A145118, at pp. 3*–*4.) All six petitions were transferred to San Francisco under case No. JW14-6119.

**G. Denial of Motion to Modify Disposition.**

"On April 20, 2015, the minor moved to modify the order imposing out-of-home placement. He alleged changed circumstances pursuant to . . . section 778. The court

4

denied his motion on April 30, 2015. The minor filed a timely appeal." (*In re W.R.*, *supra*, A144659/A145118, at p. *4.) The two appeals, case Nos. A144659 and A145118, were consolidated. (*In re W.R.*, at p. *1, fn. 1.) This court affirmed the juvenile court's orders on January 6, 2016. (*In re W.R.*, at p. *8.)

### H. Seventh Petition Filed in San Francisco County No. JW14-6119.

On October 6, 2015, while the minor was in custody in San Francisco's juvenile hall awaiting placement, the San Francisco County District Attorney filed a wardship petition charging the minor, age 16, with assault by means of force likely to cause great bodily injury, a felony. (Pen. Code, § 245, subd. (a)(4).) The court found minor not competent to stand trial and suspended proceedings on December 4, 2015.

On February 8, 2016, the San Francisco County juvenile court ordered minor placed at Summit Academy in Pennsylvania.[3] Minor was transported to Pennsylvania on March 8, 2016, and returned to San Francisco on September 9, 2016. On October 11, 2016, minor was detained pending completion of a new competency evaluation. Home detention, previously revoked, was reinstated. Pursuant to a new competency evaluation filed November 17, 2016, the court again found minor incompetent to stand trial on the October 6, 2015 petition.

### I. Motion to Dismiss Petitions.

On November 17, 2016, minor filed a motion in San Francisco County juvenile court to seal his juvenile court records. (§ 786.) At a hearing on November 21, 2016, minor's counsel made an oral motion to dismiss minor's October 6, 2015 petition pursuant to section 782. Regarding "the pending petitions," the deputy district attorney

---

[3] On March 7, 2016, the minor filed a petition for writ of mandate and/or prohibition and stay request to prevent his imminent removal to Pennsylvania. (*W.R. v. Superior Court*, A147657.) Although this court issued an order granting the stay on March 7, 2016, the order did not reach the juvenile court before the minor left for Pennsylvania.

argued for unsuccessful termination of probation. With respect to the section 782 dismissal, she had no opinion and submitted the matter.

The court observed that minor was "doing really well" and "working really hard," was "testing clean," had "really improved" his attendance and behavior at school, and was participating with the Center on Juvenile and Criminal Justice Case Management and Wraparound Services. With respect to the motion to seal records under section 786, the court terminated the misdemeanor probation terms satisfactorily, "given how well you've been doing since being released on home detention and given that you did complete a program, you have your difficulty with the program, for sure. But you weren't kicked out of the program and the program indicated that there was improvement over the period of the program." The court also granted the motion to dismiss under section 782 "the single felony count that you picked up while you were in custody here." The court deferred ruling on the minor's motion to seal his juvenile records.

At a hearing on January 4, 2017, the district attorney argued that section 786 did not authorize the sealing of minor's records pertaining to the October 2015 petition because "the plain reading of the statute indicates that the minor has to . . . have successfully or satisfactorily completed probation, 602 probation or have been on 725 probation, or have been on a grant of informal probation. [¶] . . . [H]e was only on probation for the cases where he was competent. So this case does not fall under 786 just by the plain reading because he was never on 602 probation, or 725, or 654. So I don't believe that just by the plain reading of the statute that a 786 should be granted for the petition." Minor's counsel argued that nothing in section 786 precluded the court from granting record sealing because minor did, in fact, successfully complete probation for all the petitions included in his unitary juvenile case file when he completed the program in Pennsylvania while he was incompetent to stand trial on the 2015 petition, and it "just doesn't seem equitable" not to include it.

6

The juvenile court granted minor's request under section 786 to seal his records from the "petitions dated 1/15/13, 7/24/13, 12/19/13, 3/5/14, 10/9/14 and 12/9/14." The court did not mention, or dismiss, or seal the records pertaining to the petition filed in San Francisco on September 5, 2014, which was not sustained, or the petition filed in San Mateo County on October 3, 2014, which was dismissed as part of a negotiated disposition with the petition filed in that county on October 9, 2014. The court declined to seal the records pertaining to the October 2015 petition, which it had dismissed pursuant to section 782. The court stated: "I agree with the district attorney that whether it's a position that this court can infer is certainly not clear by the statute. It's silent on this type of dismissal. And given that it's not silent on different—other types of probation, the court is not going to guess that a 782 falls within this." This appeal follows.

## DISCUSSION

As relevant here, Assembly Bill No. 529 added a new subdivision (e) to section 786, which provides in pertinent part: "If a person who has been alleged to be a ward of the juvenile court has his or her petition dismissed by the court, whether on the motion of the prosecution or on the court's own motion, or if the petition is not sustained by the court after an adjudication hearing, the court shall order sealed all records pertaining to the dismissed petition in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice."[4] The

---

[4] Section 786, former subdivision (e) provided: "(1) The court may, in making its order to seal the record and dismiss the instant petition pursuant to this section, include an order to seal a record relating to, or to dismiss, any prior petition or petitions that have been filed or sustained against the individual and that appear to the satisfaction of the court to meet the sealing and dismissal criteria otherwise described in this section. [¶] (2) An individual who has a record that is eligible to be sealed under this section may ask the court to order the sealing of a record pertaining to the case that is in the custody of a public agency other than a law enforcement agency, the probation department, or the Department of Justice, and the court may grant the request and order that the public agency record be sealed if the court determines that sealing the additional record will

7

Legislative Counsel's Digest states: "Existing law authorizes a judge of the juvenile court to dismiss a petition, or set aside the findings and dismiss a petition, if the court finds that the interests of justice and the welfare of the minor require that dismissal, or the court finds that the minor is not in need of treatment or rehabilitation. [¶] This bill would require, if a person who has been alleged to be a ward of the juvenile court and has his or her petition dismissed or if the petition is not sustained by the court after an adjudication hearing, the court to seal all records pertaining to that dismissed petition that are in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice in accordance with a specified procedure." (Legis. Counsel's Dig., Assem. Bill No. 529 (2017-2018 Reg. Sess.) Stats. 2017, ch. 68, § 1, Summary Dig., p. 92.) According to the bill's cosponsor, "under most circumstances a youth that has his case dismissed due to insufficient evidence, or in the interest of justice, without an adjudication must wait until he is at least 18 to petition the court to seal his record. However, minors that commit and are adjudicated for non-serious or non-violent offenses can have their records automatically sealed upon completion of probation. This means that the court orders the petition be dismissed and the juvenile court records are sealed immediately. [Assembly Bill No.] 529 . . . extend[s] this same process to similar cases where a minor has had his delinquency petition dismissed without an adjudication due to insufficient evidence, in the interest of justice or because he is incompetent and not likely to become competent in the foreseeable future, regardless of the alleged offense." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 529 (2017-2018 Reg. Sess.) Mar. 27, 2017, p. 4.)

The parties agree that if the amended statute applies, the minor is entitled to all the relief he seeks. The petition filed in San Francisco County on September 5, 2014, was not sustained by the court after an adjudication hearing; under the current version of

promote the successful reentry and rehabilitation of the individual." (Stats. 2016, ch. 86 (Sen. Bill No. 1171), § 312, eff. Jan. 1, 2017.)

Former subdivision (e) is recodified as subdivision (f) in the current statute.

8

section 786, subdivision (e), the records pertaining to that petition must be sealed. The petition filed in San Mateo County on October 3, 2014, was dismissed by the court on the prosecution's motion as part of a negotiated disposition; the records pertaining to this petition must also be sealed. Finally, the petition filed in San Francisco County on October 6, 2015, was dismissed by the court in the interests of justice, after the minor was found incompetent to stand trial and not likely to become competent in the foreseeable future. Thus, section 786, subdivision (e) requires the sealing of records pertaining to that petition as well.

W.R.'s petition to seal his juvenile records was denied in January 2017, before new section 786 took effect. W.R. timely appealed and we reversed the juvenile court's order denying the minor's sealing request regarding two of the three dismissed petitions at issue, and but affirmed the order as to the third dismissed petition, and remanded for further proceedings in the juvenile court. W.R. successfully petitioned for review from this court's decision. The Supreme Court vacated our decision and transferred the cause back to us for reconsideration in light of Assembly Bill No. 529. Thus, W.R.'s appeal is still pending.

W.R. argues the current version of section 786, subdivision (e) applies to him because it is an ameliorative statute susceptible of an inference of retroactivity. (*In re Estrada* (1965) 63 Cal.2d 740, 745; see *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303.) Alternatively, he argues the current statute is procedural in nature and applies prospectively to all cases still pending as of its January 1, 2018 effective date, even though the underlying petition to seal was filed before the statute's effective date. (*In re I.F.* (2017) 13 Cal.App.5th 679 (*I.F.*); *Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223 (*CDR*).) We express no opinion about the retroactivity of the amendment to section 786, subdivision (e), because we find the amended statute applies prospectively to W.R.'s still-pending case.

9

We review a question of statutory construction de novo. (*In re Jeffrey T.* (2006) 140 Cal.App.4th 1015, 1018.) Statutes are presumed to operate prospectively absent a clear indication the voters or the Legislature intended otherwise. (*CDR*, *supra*, 39 Cal.4th at p. 230; *In re Y.A.* (2016) 246 Cal.App.4th 523, 526.) "Viewed functionally, a statute that establishes rules for the conduct of pending litigation without changing the legal consequences of past conduct ' " 'is not made retroactive merely because it draws upon facts existing prior to its enactment . . . . [Instead,] [t]he effect of such statutes is actually prospective in nature since they relate to the procedure to be followed in the future.' " ' " (*CDR*, at p. 231.) "The presumption embodies ' " '[t]he first rule of construction[, namely,] that legislation must be considered as addressed to the future, not to the past.' " ' " (*CDR*, at p. 230.)

The statute at issue here affects the rules governing the sealing of dismissed juvenile petitions. It does not change the legal consequences of a minor's conduct; that is, it does not increase punishment for past criminal conduct or punish past conduct not formerly defined as criminal. (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 297–299.) " '[C]ourts have found to be *prospective*, and thus permissible, the application to pending cases of new statutes . . . [where] application of the new law to pending cases properly governed the conduct of proceedings following the law's enactment without changing the legal consequences of past conduct.' " (*I.F.*, *supra*, 13 Cal.App.5th at p. 686, quoting *CDR*, *supra*, 39 Cal.4th at pp. 231–232.)

For example, in *CDR*, *supra*, 39 Cal.4th 223, a nonprofit corporation sued a department store for failure to make its premises accessible to the disabled under a statute that conferred standing to bring such an action without a showing of injury or damage. Following a bench trial, the court entered judgment for the defendant and plaintiff appealed. (*CDR*, at p. 227.) While the appeal was pending, Proposition 64 passed, which amended the statute under which the plaintiff sued by deleting the language that conferred standing on entities which acted for their own interests or that of its members

and the general public and replacing it with language requiring actual injury or damages. (*CDR*, at pp. 227–228.) The defendant moved to dismiss the appeal for lack of standing, the Court of Appeal denied the motion, and the Supreme Court granted the defendant's petition for review, holding that the statute applied prospectively to strip the plaintiff of standing to prosecute the action. (*CDR*, at pp. 227–228, 232–233.)

In *I.F.*, the 18-year-old defendant petitioned to seal his juvenile records pursuant to former section 781. (*I.F.*, *supra*, 13 Cal.App.5th at pp. 681–682.) The court denied the petition and the defendant appealed. (*I.F.*, at pp. 683–684.) Between the time the defendant filed his petition and the time the court ruled on it, the Legislature enacted section 786. (*I.F.*, at p. 687.) On appeal, the defendant argued section 786 applied to his case, either retroactively or prospectively. (*I.F.*, at pp. 686–687.) Relying primarily on *CDR*, Division Three of this court held that newly enacted section 786 did not change the legal consequences of the defendant's past conduct or substantially affect his rights and obligations, but was "better characterized as a change in the procedural rules for sealing juvenile delinquency records" (*I.F.*, at p. 690) and his "petition to seal should have been governed by the version of section 786 in effect at the time of the juvenile court's adjudication of it" (*I.F.*, at p. 691). The Court of Appeal reversed the juvenile court's orders and remanded the matter with instructions to apply former section 786 to the defendant's petition to seal. (*Ibid.*)

We note that in *I.F.* the law had changed (i.e., section 786 had been enacted) before the court adjudicated the defendant's sealing petition. However, in light of *CDR*, we do not think this is a salient distinction. In *CDR*, the case had been tried and judgment entered before the law stripping the plaintiff of standing became effective. Yet the new law applied to the case, which was then pending on appeal. Likewise, W.R.'s case is not final and was pending on appeal when section 786, subdivision (e) was amended. We are persuaded the new statute should apply prospectively to minor's case on remand.

11

## DISPOSITION

The juvenile court's orders denying the minor's petition to seal records is reversed.  The court is directed to apply current section 786, subdivision (e) [i.e., Assembly Bill No. 529] at the remand hearing and to seal the records pertaining to the minor's September 5, 2014, October 3, 2014, and October 6, 2015 petitions.

_____
Dondero, J.

We concur:

_____
Margulies, Acting P. J.

_____
Banke, J.

*A150435  In re W.R.*

13

Trial Court:　　　　San Francisco County Superior Court

Trial Judge:　　　　Hon. Linda Colfax

Counsel:

Jeffrey A. Glick, under appointment of the Court of Appeal under the First District Appellate Project, Independent Case System, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler and Jeffrey M. Laurence, Assistant Attorneys General, Donna M. Provenzano and Christina Vom Saal, Deputy Attorneys General, for Plaintiff and Respondent.

*A150435　In re W.R./People v. W.R.*

14