Filed 9/14/22  P. v. Garcia CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EDGAR ISIDRO GARCIA,<br><br>Defendant and Appellant. | F084099<br><br>(Super. Ct. No. LF010246A)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Franson, J. and Peña, J.

Appellant Edgar Isidro Garcia appeals from a January 13, 2022 judgment of the Kern County Superior Court. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm the judgment.

## BACKGROUND[1]

Garcia was charged with three counts of attempted willful, deliberate, and premeditated murder (Pen. Code,[2] §§ 187, subd. (a), 189, 664 [counts 1-3]); gang participation (§ 186.22, subd. (a) [count 5]); three counts of assault with a firearm (§ 245, subd. (a)(2) [counts 6-8]); and discharging a firearm from a motor vehicle at another person other than an occupant of a vehicle (§ 26100, subd. (c) [count 9]). Later, counts 2 and 7 were dismissed. The information further alleged that Garcia committed the offenses underlying counts 1, 3, 6, 8, and 9 for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)); in connection with count 1, he personally and intentionally discharged a firearm and proximately caused great bodily injury (§ 12022.53, subd. (d)); in connection with count 3, he personally and intentionally discharged a firearm (*id.*, subd. (c)); in connection with counts 6, 8, and 9, he personally used a firearm (§ 12022.5, subd. (a)); and, in connection with counts 6 and 9, he personally inflicted great bodily injury (§ 12022.7, subd. (a)) and inflicted such injury as a result of discharging a firearm from a motor vehicle (§ 12022.55).

Following trial, the jury could not reach a verdict and the trial court declared a mistrial. Following retrial, the jury found Garcia guilty as charged and found true the special allegations. He was sentenced to 15 years to life, plus 25 years to life for firearm

---

[1] On our own motion, we take judicial notice of a prior nonpublished opinion (*People v. Garcia* (July 10, 2018, F073515), from which we obtain the facts set forth in the first three paragraphs of this section. Citation thereto "is permitted by California Rules of Court, rule 8.1115(b)(1) 'to explain the factual background of the case and not as legal authority.' " (*In re W.R.* (2018) 22 Cal.App.5th 284, 286–287, fn. 2.)

[2] Unless otherwise indicated, subsequent statutory citations refer to the Penal Code.

discharge proximately causing great bodily injury, on count 1; and a consecutive 15 years to life, plus 20 years for firearm discharge, on count 3. Execution of punishment on the remaining counts was stayed pursuant to section 654.

In an opinion filed on July 10, 2018, we reversed the judgment of conviction on count 5 and the criminal street gang enhancements, finding that the prosecution's gang expert related inadmissible case-specific testimonial hearsay to establish the commission of two or more qualifying "predicate" offenses by gang members and the erroneous admission thereof was prejudicial. We also concluded that a remand for reconsideration of sentencing in view of amendments to sections 12022.5 and 12022.53, enacted by Senate Bill No. 620 (Stats. 2017, ch. 682, §§ 1-2), was appropriate.

The People elected not to retry count 5 and the enhancements. At a January 13, 2022 resentencing hearing, the trial court resentenced Garcia to seven years to life, plus 25 years to life for firearm discharge proximately causing great bodily injury, on count 1; and a consecutive seven years to life, plus 20 years for firearm discharge, on count 3. Execution of punishment on the remaining counts was stayed pursuant to section 654.

## DISCUSSION

Garcia's appellate counsel filed an opening brief that provides a "Statement of the Case" (underlining & some capitalization omitted), raises no issues, and requests an independent review of "the entire record on appeal for arguable issues." (See *People v. Wende*, *supra*, 25 Cal.3d at pp. 441–442.) The brief further declares that appellate counsel advised Garcia of his right to file a supplemental brief. In a letter dated July 11, 2022, we invited Garcia to submit said brief by August 10, 2022. Garcia never responded. To date, no additional briefing has been received.

After an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

3.