Filed 10/26/22  P. v. Fontanilla CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JEFFREY FLOYD FONTANILLA,<br><br>    Defendant and Appellant. | F083173<br><br>(Super. Ct. No. F16906751)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kari Ricci Mueller and Christopher J. Rench, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Poochigian, J. and Detjen, J.

# BACKGROUND[1]

Appellant Jeffrey Floyd Fontanilla was convicted of two counts of forcible lewd acts upon a child (Pen. Code,[2] § 288, subd. (b)(1) [counts 2 & 6]), one count of attempted forcible lewd acts upon a child (§§ 288, subd. (b)(1), 664 [count 3]), and one count of sodomy with a child 10 years of age or younger (§ 288.7, subd. (a) [count 10]).  The trial court imposed an aggregate sentence of 25 years to life plus six years, eight months:  25 years to life on count 10; two years, eight months on count 2; two years, eight months on count 6; and one year, four months on count 3.  In an opinion filed on March 25, 2021, we reversed Fontanilla's conviction and sentence on count 10 on ex post facto grounds and remanded the matter for resentencing on the remaining counts.

At a June 22, 2021 resentencing hearing, the trial court imposed an aggregate sentence of 14 years:  10 years on count 2; two years, eight months on count 6; and one year, four months on count 3.  Regarding the punishment on count 2, the court selected the "aggravated term" instead of the lower term (five years) or middle term (eight years) "based upon Mr. Fontanilla's criminal history" as "detailed in the probation report."[3] (See § 288, subd. (b)(1).)

---

[1] On our own motion, we take judicial notice of a prior nonpublished opinion (*People v. Fontanilla* (Mar. 25, 2021, F077227)), from which we obtain the facts set forth in the first paragraph of this section.  Citation thereto "is permitted by California Rules of Court, rule 8.1115(b)(1) 'to explain the factual background of the case and not as legal authority.' " (*In re W.R.* (2018) 22 Cal.App.5th 284, 286–287, fn. 2.)

[2] Unless otherwise indicated, subsequent statutory citations refer to the Penal Code.

[3] The probation report specified that Fontanilla had been convicted of driving under the influence of alcohol (Veh. Code, § 23152, subd. (b)); involuntary manslaughter (§ 192, subd. (b)); unlawful sexual intercourse with a minor under 16 years of age (§ 261.5, subd. (d)); willful infliction of corporal injury upon a spouse or cohabitant (§ 273.5, subd. (a)) on two separate occasions; hit-and-run property damage (Veh. Code, § 20002, subd. (a)); and assault with a deadly weapon (§ 245, subd. (a)(1)).  In addition, Fontanilla violated parole at least five times.

Fontanilla filed a notice of appeal on August 12, 2021. While this case was pending, the Legislature enacted Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567), which amended section 1170 (Stats. 2021, ch. 731, § 1.3). The new law became effective on January 1, 2022. (See Cal. Const., art. IV, § 8, subd. (c)(1); Gov. Code, § 9600, subd. (a).)

## DISCUSSION

Effective January 1, 2022, Senate Bill No. 567 amended section 1170, subdivision (b). (Stats. 2021, ch. 731, § 1.3.) Section 1170, subdivision (b)(2) now provides, "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." The court may consider the fact of the defendant's prior convictions based on a certified record of conviction without it having been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or the judge in a court trial. (§ 1170, subd. (b)(3).)

There is no indication that the Legislature did not intend Senate Bill No. 567 to apply retroactively to convicted defendants whose cases are not yet final. Absent a contrary indication from the Legislature, a defendant whose case is not yet final is entitled to the ameliorating benefits of newly enacted sentencing statutes. (*In re Estrada* (1965) 63 Cal.2d 740, 744-746.)

On appeal, Fontanilla contends—among other things—that "ameliorative Senate Bill No. 567 retroactively requires beneficially the imposition of a sentence not to exceed the middle term." (Some capitalization omitted.) The Attorney General concedes that "section 1170, subdivision (b)(1), applies to Fontanilla's non-final judgment." The Attorney General also concedes that, "[u]nder the particular circumstances of the case here," "remand is proper for the trial court to conduct a resentencing hearing consistent

3.

with . . . section 1170, subdivision (b), as amended, and to afford the prosecution an opportunity to prove Fontanilla's prior convictions in compliance with the statute's new requirements." We accept these concessions.[4]

## DISPOSITION

The sentence is vacated. The matter is remanded to the trial court for resentencing in accordance with section 1170 as amended. In all other respects, the judgment is affirmed.

---

[4] Because we are remanding the case for resentencing, we need not address Fontanilla's claim that the trial court erroneously denied his request to discharge his retained counsel. On remand, Fontanilla—if he should choose to do so—may raise the arguiment during resentencing. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' "].)