Filed 5/13/24  P. v. Dawkins CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

THE PEOPLE,

    Plaintiff and Respondent,

    v.

DOUGLAS LEVON DAWKINS,

    Defendant and Appellant.

F086476

(Super. Ct. No. 1488209)

**OPINION**

-ooOoo-

## THE COURT*

APPEAL from an order of the Superior Court of Stanislaus County.  Dawna Reeves, Judge.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*    Before Peña, Acting P. J., Smith, J. and DeSantos, J.

## INTRODUCTION

Appellant and defendant Douglas Levon Dawkins (appellant) was convicted after a jury trial of robbery with prior conviction enhancements, and sentenced to the third strike term of 25 years to life plus 16 years. On remand after his direct appeal, the trial court ordered certain enhancements stricken and modified his sentence to 25 years to life plus five years. After another remand, the court found appellant had already received the benefit of the amended sentencing statutes and ordered the matter dropped from calendar.

On appeal from that ruling, appellant's counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Delgadillo* (2022) 14 Cal.5th 216.) Appellant has filed a supplemental brief. We review his arguments and affirm the trial court's order.

## PROCEDURAL BACKGROUND[1]

On July 14, 2015, an information was filed in the Superior Court of Stanislaus County charging appellant with robbery (Pen. Code,[2] § 211), with three prior strike convictions (§ 667, subd. (d)); three prior serious felony conviction enhancements (§ 667, subd. (a)); and five prior prison term enhancements (§ 667.5, subd. (b)).

On September 10, 2015, after a jury trial, appellant was convicted of robbery. The trial court found true three prior strike convictions, three prior serious felony enhancements, and three prior prison term enhancements. On December 1, 2016, appellant was sentenced to the third strike term of 25 years to life for robbery, with

---

[1] We grant appellant's unopposed request to take judicial notice of this court's record and nonpublished opinion in his direct appeal, *People v. Dawkins* (Dec. 14, 2018, F074796), that affirmed his conviction and remanded the matter for resentencing. (Evid. Code, §§ 450, 452, subd. (d), 459; *In re W.R.* (2018) 22 Cal.App.5th 284, 286, fn. 2.)

[2] All further statutory citations are to the Penal Code.

three consecutive five-year terms for the prior serious felony enhancements, and one year for a prior prison term enhancement.

**Direct Appeal**

On December 14, 2018, this court filed the nonpublished opinion in *People v. Dawkins*, *supra*, F074796 that affirmed appellant's conviction, and remanded the matter for the trial court to determine whether to exercise its discretion to dismiss the prior serious felony enhancements pursuant to the amendments to section 667, subdivision (a) enacted by Senate Bill No. 1393.

**Remand for Resentencing**

On March 9, 2020, the trial court held the resentencing hearing on remand. The court dismissed the prior prison term enhancement and two prior serious felony enhancements. Appellant was again sentenced to 25 years to life, with five years for the one remaining prior serious felony enhancement. On July 16, 2020, the abstract of judgment was filed.

## SUBSEQUENT HEARING

On April 4, 2023, the trial court filed an order stating that it had received information from the California Department of Corrections and Rehabilitation (CDCR) pursuant to Senate Bill No. 483 that appellant had served his base term and was currently serving a sentence based on an enhancement, and for the court to review the judgment, verify the enhancement, and consider resentencing appellant. The court appointed counsel and placed the matter on calendar.

On May 30, 2023, the trial court convened the hearing pursuant to Senate Bill No. 483. The court stated it had reviewed appellant's record and found the sentence imposed for the section 667.5, subdivision (b) prior prison term enhancement was already stricken. Appellant's counsel concurred that when the matter was remanded after appeal, the court dismissed two prior serious felony enhancements and the one prior prison term

enhancement, and appellant was no longer eligible for resentencing on the remaining enhancement. The court agreed and dropped the matter from calendar.

On June 21, 2023, appellant filed a notice of appeal from the trial court's order of May 30, 2023. He also requested a certificate of probable cause, which was not ruled upon by the court.

## DISCUSSION

As noted above, appellant's counsel has filed a *Delgadillo* brief with this court. The brief also includes counsel's declaration indicating that appellant was advised he could file his own brief with this court. By letter on January 29, 2024, we invited appellant to submit additional briefing.

Appellant filed a letter brief, and asserted he was advised by his attorney that CDCR's notice was erroneously based on his original abstract of judgment that showed the imposition of the prior prison term enhancement. Appellant declared he did not agree with his attorney's conclusions and asserted counsel acted "borderline hostile" toward him. Appellant claimed the trial court dropped the matter from calendar solely because of his attorney's statements that he was not eligible for resentencing. Appellant argued counsel was ineffective and prevented him from appearing at the May 30, 2023 hearing, because appellant could have presented additional information that showed he was eligible for resentencing. Appellant further argued that once CDCR sent the notice to the court, he was entitled to a full resentencing hearing where his other prior convictions could be stricken.

**Senate Bill Nos. 136 & 483**

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. [Citation.] Effective January 1, 2020, Senate Bill No. 136

4

[citation] amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses.  [Citations.]  Enhancements based on prior prison terms served for other offenses became legally invalid.  [Citation.]  The amendment was to be applied retroactively to all cases not yet final on January 1, 2020." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380 (*Burgess*).)

"Later, in 2021, the Legislature enacted Senate Bill No. 483 ….  This bill sought to make the changes implemented by Senate Bill [No.] 136 retroactive.  [Citation.]  It took effect on January 1, 2022, and added former section 1171.1, now section 1172.75 …."  (*Burgess*, *supra*, 86 Cal.App.5th at p. 380.)

Section 1172.75 establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements, and the resentencing process begins with corrections officials.  (*People v. Cota* (2023) 97 Cal.App.5th 318, 330.)  "Subdivision (b) … directs the Secretary of the [CDCR] and the correctional administrator of each county to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and … provide the name of each person … to the sentencing court that imposed the enhancement.' "  (*Burgess*, *supra*, 86 Cal.App.5th at p. 380.)  "After the trial court receives from the CDCR and county correctional administrator the information included in subdivision (b) of [the statute], 'the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a),' and if so, 'recall the sentence and resentence the defendant.' "  (*Ibid*.)

**Analysis**

The entirety of the record demonstrates that while the trial court originally imposed the one-year sentence for a prior prison term enhancement, the matter was remanded for a resentencing hearing after appellant's direct appeal.  At that time, the court considered the statutory amendments that had been enacted after appellant's

original sentencing hearing, and dismissed the section 667.5, subdivision (b) enhancement and two of the three prior serious felony enhancements. CDCR's subsequent notice was based on the erroneous conclusion that appellant was still going to serve the one-year term for the prior prison term enhancement.

Appellant insists that he was entitled to another resentencing hearing once CDCR sent the notice to the trial court. CDCR's notice, however, simply advised the court to review the judgment, verify whether appellant was serving a term for an enhancement, and consider resentencing appellant. The court complied with the notice, appointed counsel, and convened a hearing where it reviewed appellant's record and correctly determined he already received the benefit of the amended sentencing statutes and was not entitled to another resentencing hearing.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The court's order of May 30, 2023, is affirmed.