Filed 5/30/24  P. v. Velez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHRISTOPHER ALEXANDER VELEZ,<br><br>    Defendant and Appellant. | F086177<br><br>(Super. Ct. No. DF013807D)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Scott N. Cameron, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Poochigian, Acting P. J., Detjen, J. and DeSantos, J.

Defendant Christopher Alexander Velez appeals from an April 24, 2023 judgment of the Kern County Superior Court. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm the judgment.

## BACKGROUND[1]

Velez and codefendants Alejandro Alvarado and Gerardo Alvarado were each charged with attempted murder (Pen. Code,[2] §§ 187, subd. (a), 664 [count 1]); carrying a loaded firearm in public as an active participant in a criminal street gang (§ 25850, subd. (c)(3) [count 2]); active participation in a criminal street gang (§ 186.22, subd. (a) [count 3]); and misdemeanor unlawful driving or taking of a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a) [count 5]). As to count 1, the information alleged in part the attempted murder was willful, deliberate, and premeditated (§ 189); Velez committed the offense for the benefit of, at the direction of, and/or in association with a criminal street gang (§ 186.22, former subd. (b)(1)); and at least one principal in the attempted murder personally and intentionally discharged a firearm and caused great bodily injury (§ 12022.53, subds. (d), (e)(1)).

Following trial, the jury found Velez guilty as charged and found true the special allegations. The trial court imposed 15 years to life "with a minimum parole eligibility date of 7 years" plus 10 years for vicarious "use of the firearm" on count 1 and a concurrent one year on count 5. Exercising its discretion, the court struck the vicarious firearm discharge enhancement. It also stayed execution of punishment on counts 2 and 3 pursuant to section 654.

---

[1] On our own motion, we take judicial notice of a prior nonpublished opinion (*People v. Velez* (Dec. 2, 2022, F081839), from which we obtain the facts set forth in the first three paragraphs of this section. Citation thereto "is permitted by California Rules of Court, rule 8.1115(b)(1) 'to explain the factual background of the case and not as legal authority.' " (*In re W.R.* (2018) 22 Cal.App.5th 284, 286–287, fn. 2.)

[2] Unless otherwise indicated, subsequent statutory citations refer to the Penal Code.

On appeal, Velez contended and the Attorney General conceded the gang-related convictions on counts 2 and 3 and the gang and vicarious firearm use enhancements on count 1 must be reversed and retried in view of—among other things—Assembly Bill No. 333 (2021–2022 Reg. Sess.), which amended section 186.22 (Stats. 2021, ch. 699, § 3) and became effective January 1, 2022 (see Cal. Const., art. IV, § 8, subd. (c)(1); Gov. Code, § 9600, subd. (a)). In an opinion filed December 2, 2022, we reversed the judgment of conviction on counts 2 and 3 as well as the gang and vicarious firearm use enhancements on count 1 and remanded the matter to the trial court to give the People an opportunity to retry these substantive charges and allegations.

The People elected not to retry counts 2 and 3 nor the gang and vicarious firearm use enhancements on count 1. At an April 24, 2023 sentencing hearing, the trial court resentenced Velez to life with possibility of parole "with a minimum parole eligibility date of 7 years" on count 1 and a concurrent one year on count 5. The court also imposed a $40 court security fee (§ 1465.8) and a $30 criminal conviction assessment (Gov. Code, § 70373). Per defense counsel's request, these amounts were each "converted to 1 day in custody to run concurrent."[3]

## DISCUSSION

Velez's appellate counsel filed an opening brief that provides a "Statement of the Case" and a "Statement of the Facts" (boldface & some capitalization omitted); raises no issues; and requests an independent review of "the entire record on appeal in this case." (See *Wende*, *supra*, 25 Cal.3d at pp. 441–442.) The brief further declares that appellate counsel advised Velez of his right to file a supplemental brief. In a letter dated

---

[3] After the notice of appeal was filed, Velez's appellate counsel submitted a letter dated December 1, 2023, asking the trial court to correct clerical errors in the May 3, 2023 abstract of judgment related to the court security fee and criminal conviction assessment. On December 8, 2023, an amended abstract of judgment was filed. The *Wende* brief filed February 22, 2024 does not raise any contentions with respect to the December 8, 2023 abstract of judgment.

3.

February 22, 2024, we invited Velez to submit said brief within 30 days.  Velez never responded.  To date, no additional briefing has been received.

After an independent review of the record, we find no arguable error that would result in a disposition more favorable to Velez.

## **DISPOSITION**

The judgment is affirmed.

4.