Filed 9/24/24  P. v. Bledsaw CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087147 |
| Plaintiff and Respondent, | (Super. Ct. No. 1097055) |
| v. | |
| RASHOD OMAR BLEDSAW, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Dawna Reeves, Judge.

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Detjen, J. and Peña, J.

Defendant Rashod Omar Bledsaw appeals from a November 2, 2023 judgment of the Stanislaus County Superior Court. Following an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm the judgment.

## BACKGROUND[1]

On August 24, 2005, two men brandishing guns and with bandanas covering their faces entered a credit union in Turlock and took approximately $86,000. They left the building and jumped into the trunk of a vehicle, which sped off. Shortly thereafter, officers apprehended a vehicle and discovered Bledsaw and another man hiding in the trunk with a large amount of cash and two loaded semiautomatic firearms.

Following a jury trial, Bledsaw was convicted of three counts of robbery (Pen. Code,[2] § 211) and four counts of assault with a semiautomatic firearm (§ 245, subd. (b)). The jury found true the allegations he personally used a firearm in the commission of the robbery (§ 12022.53, subd. (b)); took property in excess of $50,000 (former § 12022.6, subd. (a)(1)); and personally used a firearm in the commission of two of the assaults (§ 12022.5, subd. (a)). In a bifurcated proceeding, the trial court found true the allegations Bledsaw had suffered a prior serious felony conviction (§§ 667, subds. (a), (d), 1170.12, subds. (a), (d)) and served a prior prison term (§ 667.5, former subd. (b)). Bledsaw was sentenced to a total term of 32 years 4 months in state prison.

On April 19, 2023, the trial court scheduled a resentencing hearing to decide whether Bledsaw should be resentenced pursuant to Senate Bill No. 483 (2021–2022 Reg. Sess.). The parties submitted briefing. At a November 2, 2023 resentencing hearing, the court struck the enhancements under former section 12022.6, subdivision

---

[1] On our own motion, we take judicial notice of a prior nonpublished opinion (*People v. Bledsaw* (Nov. 4, 2011, F060584)), from which we obtain the facts set forth in the first two paragraphs of this section. Citation thereto "is permitted by California Rules of Court, rule 8.1115(b)(1) 'to explain the factual background of the case and not as legal authority.' " (*In re W.R.* (2018) 22 Cal.App.5th 284, 286–287, fn. 2.)

[2] Subsequent statutory citations refer to the Penal Code.

(a)(1) and section 667.5, former subdivision (b).  Bledsaw was resentenced to a total term of 30 years 4 months in state prison.  On November 6, 2023, Bledsaw filed a notice of appeal.[3]

## DISCUSSION

Bledsaw's appellate counsel filed an opening brief that provides a "Statement of the Case" and a "Statement of Facts" (boldface, underlining & some capitalization omitted); raises no specific issues; and requests an independent review of "the entire record on appeal in this case."  (See *Wende*, *supra*, 25 Cal.3d at pp. 441–442.)  The brief further declares Bledsaw was advised of his right to file a supplemental brief.

In a letter dated May 29, 2024, we invited Bledsaw to submit a supplemental brief within 30 days.  In a letter dated June 30, 2024, Bledsaw asked for a 30-day extension.  In an order filed July 9, 2024, we granted this request, extending the submission deadline to August 8, 2024.  However, no additional briefing was timely received.

After an independent review of the record, we find no arguable error that would result in a disposition more favorable to Bledsaw.

## DISPOSITION

The judgment is affirmed.

---

[3] After the notice of appeal was filed, Bledsaw's appellate counsel filed an informal letter motion asking the trial court to correct the abstract of judgment to reflect the proper number of credits.  An amended abstract of judgment was issued.  The *Wende* brief does not raise any contentions with respect to the amended abstract of judgment.