Filed 3/4/26  P. v. Haygood CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>KYRONE JARAY HAYGOOD, JR.,<br><br>  Defendant and Appellant. | F088446<br><br>(Super. Ct. No. F18906596)<br><br>**OPINION** |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Candace Hale, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Detjen, Acting P. J., Peña, J. and Meehan, J.

Defendant Kyrone Jaray Haygood, Jr., appeals from a July 30, 2024, judgment of the Fresno County Superior Court. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm the judgment.

## BACKGROUND[1]

Haygood was charged with the murder of Brandon S. (Pen. Code,[2] § 187, subd. (a)). The information further alleged he personally and intentionally discharged a firearm that proximately caused the victim's death (§ 12022.53, subd. (d)) and committed the murder while he was engaged in the commission or attempted commission of a qualifying felony, i.e., robbery (§ 190.2, subd. (a)(17)). Following trial, the jury found Haygood guilty of first degree murder and found true the special allegations. Haygood filed a new trial motion pursuant to section 1181, subdivision 6, which was denied. He was sentenced to life without the possibility of parole (LWOP) plus 25 years to life for the firearm discharge enhancement.

Previously on appeal, Haygood contended: (1) the evidence did not support his murder conviction; (2) the trial court erroneously read CALCRIM No. 540B (Felony Murder: First Degree—Coparticipant Allegedly Committed Fatal Act) to the jury; (3) the prosecutor misinformed the jury about the felony-murder rule in her summation; (4) the court erroneously excluded a prosecution witness's prior arrest as evidence of third-party culpability; (5) a prosecution witness's "self-proclaimed ability to tell if someone is being truthful or lying tainted the impartiality of the jury" (italics & capitalization omitted); (6) certain testimony of a prosecution witness constituted "improper burden shifting to the defense" (boldface & some capitalization omitted); (7) a prosecution witness's

---

[1] On our own motion, we take judicial notice of a prior nonpublished opinion (*People v. Haygood* (Apr. 12, 2023, F081995), from which we obtain the facts set forth in the first three paragraphs of this section. Citation thereto "is permitted by California Rules of Court, rule 8.1115(b)(1) 'to explain the factual background of the case and not as legal authority.' " (*In re W.R.* (2018) 22 Cal.App.5th 284, 286–287, fn. 2.)

[2] Subsequent statutory citations refer to the Penal Code.

"highly emotional, inflammatory, and prejudicial" remarks "tainted the impartiality of the jury" (boldface & capitalization omitted); (8) the court erroneously admitted into evidence a prosecution witness's plea bargain, which was used by the prosecution to prove Haygood was engaged in the commission or attempted commission of a robbery; and (9) the court erroneously denied the new trial motion.

In an opinion filed April 12, 2023, we concluded: (1) substantial evidence supported the murder conviction; (2) assuming arguendo CALCRIM No. 540B should not have been given, the purported error was not prejudicial; (3) the prosecutor did not misinform the jury about the felony-murder rule in her summation; (4) the trial court did not abuse its discretion when it excluded a prosecution witness's prior arrest as evidence of third-party culpability; (5) Haygood forfeited his contention regarding a prosecution witness's "self-proclaimed ability to tell if someone is being truthful or lying" (italics & capitalization omitted); (6) to the extent parts of a prosecution witness's testimony constituted impermissible burden shifting to the defense, any purported error was rendered harmless by the court's jury instructions; (7) Haygood forfeited his contention regarding a prosecution witness's "highly emotional, inflammatory, and prejudicial" remarks; (8) Haygood forfeited his contention as to the admission of a prosecution witness's plea bargain; and (9) the court abused its discretion when it denied the new trial motion because it "failed to give defendant the benefit of its independent conclusion as to the sufficiency of credible evidence to support the verdict" (*People v. Robarge* (1953) 41 Cal.2d 628, 634). As a result, we reversed the order denying Haygood's new trial motion and remanded the matter so that the lower court could again hear and determine said motion. We affirmed the judgment in all other respects. (*People v. Haygood* (Apr. 12, 2023, F081995) [nonpub. opn.].)

After remittitur was issued June 12, 2023, the parties filed supplemental briefs. At a May 29, 2024, motion hearing, the trial court denied the new trial motion. It explained:

3.

"[A]t a new trial, motion for new trial, the court has to review it as though it is the 13th juror and evaluate the evidence and independently examine the evidence.

"And in doing so, the court, having independently examined the evidence in relation to the new trial motion, has decided that there is not only sufficient proof required for each element, but that there is proof beyond a reasonable doubt by the jurors, as well as the court, had it sat as a juror itself in the evidence of this case. And that the Court is convinced that the charges have been proven beyond a reasonable doubt, and therefore, the jurors' verdict would still stand.

"And, so, the Court would not have come to a different conclusion. And certainly having reviewed it more recently, I would come to the exact same conclusion as the jurors did in that case, in this case."

At a July 30, 2024, resentencing hearing, the trial court struck the firearm discharge enhancement pursuant to section 1385, citing Haygood's youth and the fact "the existing charge already carries more than 20 years of incarceration." Haygood was resentenced to LWOP. An amended abstract of judgment was filed July 31, 2024.

## DISCUSSION

Haygood's appellate counsel filed an opening brief that provides a "Statement of the Case" and a "Statement of Facts" (boldface & some capitalization omitted); raises no issues; and "requests that this Court independently review the entire record on appeal in this case." (See *Wende*, *supra*, 25 Cal.3d at pp. 441–442.) The brief further declares appellate counsel advised Haygood of his right to file a supplemental brief. In a letter dated November 19, 2025, we invited Haygood to submit said brief within 30 days. Haygood never responded. To date, no additional briefing has been received.

After an independent review of the record, we find no arguable error that would result in a disposition more favorable to Haygood.

## DISPOSITION

The judgment is affirmed.

4.