Filed 3/28/24  P. v. Hernandez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ERNIE HERNANDEZ III, Defendant and Appellant. | F086156 (Super. Ct. No. PCF373627) OPINION |

### THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Stephen Drew, Judge.  (Retired Judge of the Tulare County Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Franson, J. and Peña, J.

## INTRODUCTION

Appellant and defendant Ernie Hernandez III (appellant) was convicted of narcotics offenses and other offenses in four separate superior court case numbers, and sentenced to an aggregate term of 12 years four months. He filed a direct appeal under only one of the four case numbers. While his direct appeal was pending, Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) went into effect, and the appellate court remanded the case on appeal for resentencing. On remand, the superior court resentenced appellant, he did not file an appeal from the resentencing, and the judgment has become final.

In this case, appellant filed a petition for resentencing in one of the four cases he was convicted in, and alleged his petition was based on Penal Code[1] section "1170(d)(1) ([Senate Bill] 567)." The trial court conducted a hearing and determined he had already been resentenced in the companion cases, and appellant's counsel conceded the petition was filed under the wrong statute.

On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant filed a letter brief raising several issues. We review those issues and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are set forth to place in context appellant's multiple convictions that resulted in the aggregate sentence that he is now challenging.[2]

---

[1]     All further statutory citations are to the Penal Code unless otherwise indicated.

[2]     After notice to the parties and without objection, this court takes judicial notice of the record and nonpublished opinion in appellant's direct appeal, *People v. Hernandez* (May 10, 2022, A164253) (*Hernandez*). (Evid. Code, §§ 450, 452, subd. (d), 459; *In re W.R.* (2018) 22 Cal.App.5th 284, 286–287, fn. 2.) The following facts are summarized from the nonpublished opinion in *Hernandez,* and the probation report arising from those convictions.

**Case No. PCF367364**

On June 26, 2018, appellant was arrested after he was found in possession of a stolen vehicle. On June 28, 2018, a criminal complaint was filed in the Superior Court of Tulare County for receiving/possessing a stolen vehicle. On July 22, 2018, appellant posted bail.

**Case No. PCF369732**

On August 24, 2018, appellant was arrested for being in possession of another stolen vehicle. On August 28, 2018, a criminal complaint was filed for receiving/possession a stolen vehicle. He was released on his own recognizance.

**Case No. PCF373627**

On December 1, 2018, appellant was arrested for being in possession of methamphetamine, cocaine, heroin, and a smoking device.

On December 27, 2018, an information was filed in case No. PCF373627 charging appellant with count 1, possession of methamphetamine for sale (Health & Saf. Code, § 11378); count 2, possession of cocaine for sale (Health & Saf. Code, § 11351); count 3, possession of heroin for sale (Health & Saf. Code, § 11351); and count 4, misdemeanor possession of narcotics paraphernalia (Health & Saf. Code, § 11364, subd. (a)(1)), with two on-bail/own recognizance enhancements that at the time he committed the offenses, he was released in case Nos. PCF369732 and PCF367364 (§ 12022.2), and prior conviction allegations.

**Plea Proceedings**

On February 21, 2019, appellant entered pleas in the three pending cases pursuant to a negotiated disposition. As part of the plea agreement, the trial court granted appellant's motion to dismiss the prior strike conviction alleged in each of the

three cases, and for a two-week waiver of sentencing pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247.[3]

The trial court stated appellant's maximum exposure was 12 years eight months. The indicated aggregate sentence for the three cases was seven years, with three years in custody and four years on supervised release. The parties stipulated to the police reports and preliminary hearing transcripts as the factual basis for the pleas.

The trial court stated case No. PCF367364 would be the lead case, and appellant pleaded no contest to purchasing/receiving a stolen vehicle, a GMC Yukon, on June 26, 2018 (§ 496d), and admitted prior conviction allegations.

In case No. PCF373627, appellant pleaded no contest to count 1, possession of methamphetamine for sale; count 2, possession of cocaine for sale; count 3, possession of heroin for sale; and count 4, misdemeanor possession of narcotics paraphernalia; and admitted the two on-bail enhancements (§ 12022.1), and admitted prior conviction allegations.

In case No. PCF369732, appellant pleaded no contest to purchasing/receiving a stolen vehicle, a Chevrolet Silverado, on August 24, 2018 (§ 496d), and admitted prior conviction allegations.

The trial court ordered appellant to turn himself in for sentencing on March 8, 2019, and advised him that if he failed to appear, he faced a maximum sentence of 12 years eight months, pursuant to the *Cruz* waiver.

**Failure to Appear**

On March 8, 2019, appellant failed to appear for sentencing as ordered, and a bench warrant was issued.

---

[3]     "A '*Cruz* waiver' gives a trial court the power to 'withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term,' if the defendant willfully fails to appear for sentencing." (*People v. Puente* (2008) 165 Cal.App.4th 1143, 1146, fn. 3.)

4

**Case No. PCF379033**

Appellant's fourth case arose from the following events, that occurred while there were three outstanding bench warrants for his arrest.

On March 26, 2019, an officer activated the lights on his patrol car to perform a traffic stop on a vehicle because of a broken side mirror. The vehicle initially pulled over. As the officer walked to the vehicle, the driver drove away and ran a stop sign. The officer returned to his patrol car and began a pursuit. The driver of the vehicle went through additional stop signs, drove erratically, and failed to yield. The pursuit was halted because of public danger. The vehicle was later found abandoned. An investigation of the vehicle's license plate number led to appellant's girlfriend, who reported that appellant had taken her car. Appellant was subsequently located and arrested on the three felony warrants and for violating parole. (*Hernandez*, *supra*, A164253.)

As a result of this incident, case No. PCF379033 was filed that charged appellant with evading an officer with willful disregard (Veh. Code, § 2800.4), three counts of failing to appear while released on bail/his own recognizance (§ 1320, subd. (b)), and other offenses. (*Hernandez*, *supra*, A164253.)

On October 7, 2019, after a jury trial, appellant was convicted of evading an officer and three counts of failure to appear. (*Hernandez*, *supra*, A164253.)

**Sentencing Hearing**

On February 7, 2020, the trial court sentenced appellant on the multiple convictions in the four pending cases. Appellant had previously admitted section 667.5, subdivision (b) prior prison term enhancements; the court dismissed these enhancements as a result of subsequently-enacted statutory amendments that eliminated these enhancements.

5

The trial court sentenced appellant to an aggregate term of 12 years four months for the convictions in the four cases, as follows.

In case No. PCF379033, the trial court imposed the upper term of six years for count 2, felony evasion, plus a consecutive term of two years for the section 12022.1 on-bail/own recognizance enhancement; a consecutive term of one year four months (one-third the midterm) for count 3, failure to appear; and concurrent upper terms of six years each for counts 4 and 5, failure to appear, for a total of nine years four months.

In case No. PCF367364, the trial court imposed a consecutive term of one year (one-third the midterm) for purchasing/receiving a stolen vehicle.

In case No. PCF369732,[4] the trial court imposed a consecutive term of one year (one-third the midterm) for purchasing/receiving a stolen vehicle.

In case No. PCF373627, the trial court imposed a consecutive term of one year (one-third the midterm) for count 2, possession of cocaine for sale; a concurrent upper term of three years for count 1, possession of methamphetamine for sale; a concurrent upper term of four years for count 3, possession of heroin for sale; no custody was imposed for misdemeanor count 4; and the attached section 12022.1 enhancement was stayed, for a total of one year.

**Direct Appeal**

On February 28, 2020, appellant filed a notice of appeal in this court from the convictions and sentences imposed on February 7, 2020, but only for case No. PCF379033, where he was convicted after a jury trial of felony evasion and three counts of failing to appear. Appellant's sole issue on appeal was the felony evasion conviction had to be reversed because of instructional error.

---

**4**     The February 7, 2020 sentencing hearing transcript incorrectly identifies this case number as "367732"; the correct case number is "369732."

6

On December 20, 2021, after briefing was completed, the Supreme Court transferred case No. F080869 from the Fifth Appellate District to the Court of Appeal, First Appellate District, Division Two (First District).

On January 1, 2022, the amendments to section 1170 enacted by Senate Bill 567 became effective for cases that were not final and pending on appeal.[5]

On February 4, 2022, the First District sent a briefing order for the parties to address whether appellant's case should be remanded for resentencing pursuant to Senate Bill 567 since he was sentenced to upper terms for counts 2, 4, and 5 in case No. PCF379033.

On May 10, 2022, the First District filed the nonpublished opinion in *Hernandez, supra,* A164253, limited to appellant's convictions and sentence imposed for his convictions for felony evasion and failure to appear in case No. PCF379033. The court rejected appellant's claim of instructional error as to felony evasion.

As to the amendments enacted by Senate Bill 567, the appellate court stated "the trial court imposed upper terms for counts 2, 4, and 5. The parties agree that [Senate Bill] 567 applies retroactively to this case and that the matter should be remanded for resentencing under current … section 1170. We agree with the parties and remand the matter to the trial court for resentencing." (*Hernandez, supra,* A164253, at p. 17.)

The appellate court vacated the sentence and remanded for a new sentencing hearing, and otherwise affirmed appellant's convictions in case No. PCF379033. (*Hernandez, supra,* A164253.)

---

[5]     As relevant to this case, and as explained below, Senate Bill 567 amended section 1170, subdivision (b)(1) to state:  "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."

Appellant did not file a petition for rehearing or review from the appellate court's opinion.

**Resentencing on Remand**

On October 7, 2022, the trial court held the resentencing hearing on remand. The instant record does not contain a reporter's transcript from the hearing. The abstract of judgment and minute order state the court resentenced appellant as to the four cases.

In case No. PCF379033, the trial court had previously sentenced appellant to the upper term of six years for count 2, felony evasion; it reduced that sentence to the midterm of four years with a consecutive term of two years for the section 12022.1 on-bail/own recognizance enhancement; a consecutive term of one year four months (one-third the midterm) for count 3, failure to appear; and reduced the concurrent upper terms of six years to concurrent midterms of four years each for counts 4 and 5, failure to appear, for a total of seven years four months.

In case No. PCF373627, the trial court imposed a consecutive term of one year (one-third the midterm) for count 2, possession of cocaine for sale; a concurrent upper term of three years for count 1, possession of methamphetamine for sale; a concurrent upper term of four years for count 3, possession of heroin for sale; no custody imposed for misdemeanor count 4; and stayed the section 12022.1 enhancement, for a total of one year.

The abstract of judgment shows that the trial court did not impose any terms for case Nos. PCF367364 and PCF369732, the two cases for receiving stolen vehicles.

The abstract further shows that appellant's aggregate sentence for case Nos. PCF379033, PCF367364, PCF369732, and PCF373627 was modified from 12 years four months to eight years four months.

Appellant did not file an appeal from the trial court's resentencing order, and that judgment is now final.

8

## APPELLANT'S PETITION

The instant appeal arises from a handwritten petition that appellant filed in the trial court, in propria persona, on January 25, 2023, for resentencing only as to case No. PCF373627, where he pleaded to three counts of possession for sale. Appellant's petition stated it was filed pursuant to section "1170(d)(1) ([Senate Bill] 567)." Appellant requested appointment of counsel.

Appellant checked boxes on a handwritten form that declared he was convicted of possession of a controlled substance for sale, he could not be convicted of "3 yrs Upper/4 yrs Upper Terms" because of "changes to section 1170(d)(1) made effective on January 1, 2022 ([Senate Bill] 567)," and requested that his "High Terms" be vacated and he be resentenced. He further declared that he "experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence [capitalization omitted]," performed acts in prison that tended to indicate rehabilitation or the potential for rehabilitation, maintained family ties, and had no disciplinary actions within the prior five years.

The trial court appointed counsel and set a hearing on the petition.

## The Court's Denial of the Petition

On April 4, 2023, the trial court held a hearing on appellant's petition. Appellant was represented by counsel.

Appellant's counsel stated she spoke to appellant "to find out exactly what his issue is regarding his sentence." Counsel stated appellant was originally sentenced on at least three cases in February 2020, the aggravated terms were imposed in the lead case, and the law subsequently changed as to the upper terms. Counsel further stated appellant was resentenced in October 2022 to a lesser term, but his sentence was not recalled in case No. PCF373627, which was the basis for his current petition. Appellant had concurrent upper terms imposed in case No. PCF373627, and counsel was not sure

9

whether those terms had to be recalled for resentencing since they did not add anything to appellant's sentence.

The prosecutor stated appellant's current petition should "be withdrawn. The basis by which he's filed his petition is not applicable in this case. I think he filed a petition saying that because he was at the time of the commission under the age of 18, that he was serving 25-to-life that he should be given a resentencing." Appellant's counsel concurred that appellant used a "fill-in form that he received from the prison. It wasn't applicable to his case."

The trial court agreed with the parties that appellant's petition was based on inapplicable statutes, and denied the petition filed in case No. PCF373627. The court also ordered the abstract of judgment from the October 2022 resentencing hearing sent to the Department of Corrections and Rehabilitation and placed in the superior court's records for each of appellant's four cases.[6]

On April 21, 2023, appellant filed a timely notice of appeal.

## DISCUSSION

As explained above, appellate counsel filed a *Wende* brief in this appeal. Appellant filed a letter brief raising the following issues.

## A. Appellant's Aggregate Sentence

Appellant states that at the resentencing hearing in 2022, the trial court imposed a term of 10 years four months, and not eight years four months as stated in his appellate counsel's brief.

---

[6] In this appeal, appellate counsel states that he directed a letter to the superior court and requested a copy of the abstract for the October 2022 resentencing hearing, as discussed by the parties. The amended abstract was provided to counsel, and filed with this court under case No. F080869, which was appellant's original appeal in case No. PCF379033 that was transferred to the First District.

As set forth above, however, the abstract of judgment shows that appellant was resentenced at the hearing on remand to an aggregate term of eight years four months.

## B. Section 12022.1 Enhancements

Next, appellant contends appellate counsel's brief erroneously states that a two-year term was imposed for a section 12022.1 "weapon" enhancement, and declares that he was never charged with a weapon enhancement.

Appellant is correct that counsel's brief erroneously states that he was sentenced for a "weapon allegation under … section 12022.1." There were no weapon allegations pleaded or proved in this case. Section 12022.1 defines the on-bail enhancements that were alleged and found true in case No. PCF379033, where the trial court correctly imposed a two-year term for the on-bail enhancement. The court stayed the term imposed for the section 12022.1 on-bail enhancement in case No. PCF373627, and these terms are correctly identified in the abstract of judgment.

## C. Senate Bill 567

Appellant's petition declared it was filed pursuant to section "1170(d)(1) ([Senate Bill] 567)," that he "experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence [capitalization omitted]," and also the trial court erroneously imposed "High Terms" at the hearing on remand in violation of Senate Bill 567.

In his letter brief on appeal, appellant asserts his petition was for modification of his sentence in case No. PCF373627 pursuant to "[Senate Bill] 567" because he was sentenced to "High Terms," and the high terms were not reduced at the 2022 resentencing hearing.

Appellant's petition cites statutes and language that are inapplicable to his case: subdivisions (b) and (d) of section 1170. Effective January 1, 2022, Senate Bill 567 amended section 1170, subdivisions (b)(1) and (b)(2) to state that "the trial court may

impose an upper term sentence only where there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying all of the aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt by a jury or a trial court if the defendant has consented to a court trial." (*People v. Dunn* (2022) 81 Cal.App.5th 394, 402.)

Senate Bill 567 also amended section 1170, subdivision (b)(6)(A) and (B) to state the sentencing court shall impose the lower term if the defendant's psychological, physical, or childhood trauma, or his youth (defined as under the age of 26 years) contributed to the commission of the offense, unless it finds that the aggravating circumstances outweigh the mitigating circumstances such that imposition of the lower term would be contrary to the interests of justice. (§§ 1170, subd. (b)(6), 1016.7, subd. (b); *People v. Tilley* (2023) 92 Cal.App.5th 772, 777–778.)

Finally, section 1170, subdivision (d)(1)(A) states that "[w]hen a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing."

Senate Bill 567's amendments to section 1170 were retroactive to all cases that were pending on appeal and not yet final when the amendments became effective on January 1, 2022. However, Senate Bill 567's amendments do not apply to final judgments. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039; *People v. Fox* (2023) 90 Cal.App.5th 826, 831.)

Appellant did not file a notice of appeal from the trial court's October 2022 resentencing hearing and that judgment is now final. The ameliorative effects of the amendments enacted by Senate Bill 567 were only applicable to nonfinal convictions. (*People v. Flores*, *supra*, 73 Cal.App.5th at p. 1039.)

12

Even if appellant's claims were cognizable in this appeal, there is no indication in the record that at the resentencing hearing the trial court violated section 1170 by failing to state reasons for imposing the upper concurrent terms as part of his aggregate sentence (§ 1170, subds. (b)(1), (b)(2)); appellant sought the lower term based on psychological or childhood trauma (§ 1170, subd. (b)(6)(A) & (B)); and he was not sentenced to life without the possibility of parole (§ 1170, subd. (d)(1)).  By failing to object at the resentencing hearing and failing to file an appeal, appellant forfeited his purported section 1170 claims.  (*People v. Scott* (1994) 9 Cal.4th 331, 353; *People v. Velasquez* (2007) 152 Cal.App.4th 1503, 1512; *People v. Tilley*, *supra*, 92 Cal.App.5th at pp. 777–778.)

## DISPOSITION

The trial court's order of April 4, 2023, denying appellant's petition, is affirmed.